Mahesh RAMCHANDANI, M.D. and
Texas Surgical Associates,
Appellants,

v.

Gonzalo JIMENEZ, Appellee.

No. 14–09–00098–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 20, 2010.

Gary Sommer, Houston, for appellants.

Jeffrey Scott Goldstein, Houston, for appellee.

Panel consists of Justices YATES, FROST, and BROWN.

## OPINION

KEM THOMPSON FROST, Justice.

The main issue in this appeal is whether all of the plaintiff's breach-of-contract claims against a surgeon and a health care organization should be characterized as health care liability claims or whether, as the trial court ruled, only some of these claims should be so characterized. We conclude that all of the claims are health care liability claims, and that the trial court abused its discretion to the extent it denied the defendants' motion to dismiss under section 74.351(b) of the Texas Civil Practice and Remedies Code and to the extent it denied recovery of reasonable attorney's fees under that statute. Accordingly, we reverse and remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee Gonzalo Jimenez filed suit against appellants Mahesh Ramchandani, M.D. and Texas Surgical Associates (collectively the "Ramchandani Parties") claiming that he sustained damages associated with a surgical procedure. According to the original petition and first amended petition, Jimenez entered into an oral contract with Dr. Ramchandani, who works for Texas Surgical Associates, in which they agreed that only Dr. Ramchandani would perform a surgical procedure on Jimenez's right carotid artery. Jimenez claimed that another doctor, Utham Tripathy, M.D., performed the operation without his consent and that he was not aware that a doctor other than Dr. Ramchandani would perform the surgery. Jimenez claimed Dr. Tripathy was negligent and incompetent in performing the surgery, resulting in Jimenez's losing his voice and suffering impairment in his ability to speak. Jimenez claimed his injuries were a direct result of Dr. Ramchandani's failure to perform the surgery as agreed. Jimenez asserted that he was entitled to

compensation for all past, present, and future injuries, damages, and losses caused by the breach of contract.

In response, the Ramchandani Parties filed an answer and general denial. They denied any breach of contract and characterized Jimenez's claim as a health care liability claim. In their answer, the Ramchandani Parties asserted that Jimenez had not filed an expert report in accordance with several provisions of the Texas Civil Practice and Remedies Code.

The Ramchandani Parties filed a motion to dismiss Jimenez's claims for failure to comply with section 74.351 of the Texas Civil Practice and Remedies Code, which pertains to health care liability claims. According to the motion, Jimenez attempted to improperly recharacterize his health care liability claims as actions for breach of contract. The Ramchandani Parties asserted that Jimenez had failed to provide an expert report within 120 days of filing suit as required for health care liability claims, as set forth in section 74.351(a) of the Texas Civil Practice and Remedies Code.

In a response in opposition, Jimenez denied that his claims were governed by Chapter 74 of the Texas Civil Practice and Remedies Code, also referred to as the Medical Liability Act. Jimenez asserted that no expert report was required because the claim was an action for breach of a medical contract and a medical ethics lawsuit. Jimenez also referred to a second amended petition in which he added a claim for fraud.[1]

The Ramchandani Parties replied and attached hospital records relating to the procedure. The records contain a consent form in which Jimenez requested Dr. Ramchandani as a physician, "and such associates, technical assistants and other health care providers as they [sic] deem necessary" to treat the condition. Several of the medical records list Dr. Ramchandani as surgeon for the procedure and Dr. Tripathy as assisting surgeon. An operation report indicates that Dr. Tripathy was the surgeon and Dr. Ramchandani was the assisting surgeon. The Ramchandani Parties also attached an affidavit of attorney Gary Sommer regarding attorney's fees.

The record contains a notice of oral hearing on the Ramchandani Parties' motion, set for November 24, 2008 (hereinafter "November Hearing"); however, the record does not contain a transcript or reporter's record of a hearing on this date. The record contains the following electronic docket sheet entry on November 24, 2008: "D's M/Dismiss Plaintiff's contract and fraud allegations. Plf to replead within 21 days as to contract claims." The record contains an amended notice of oral hearing on the Ramchandani Parties' motion to dismiss "that began on November 24, 2008," which "will resume on Monday, December 15, 2008."

In his third amended petition filed on December 9, 2008, Jimenez asserts the following:

- Jimenez and Dr. Ramchandani entered into an oral contract under which only Dr. Ramchandani would operate on Jimenez's right carotid artery.

- Dr. Tripathy performed the surgery without Jimenez's consent or awareness that another doctor would perform the procedure. Jimenez was not given prior notice that Dr. Ramchandani would not be performing the procedure.

- Jimenez lost his voice and his speaking ability is materially changed for the rest of his life. These injuries

---

1. The record does not contain a file-stamped copy of the second amended petition.

were the result of Dr. Tripathy's incompetence and negligence. Jimenez did not know Dr. Tripathy or have a consensual relationship with Dr. Tripathy.

■ The injuries were a direct result of Dr. Ramchandani's failure to perform the surgery as agreed. But for the actions of Dr. Ramchandani, no damages would have been inflicted on Jimenez.

■ Dr. Ramchandani breached an oral contract by designating another physician to perform the surgery.

■ Jimenez suffered damages as a result of the breach.

Jimenez claims damages from the alleged loss of the benefit of the contract. He requests to be placed in the same economic position he would have enjoyed had Dr. Ramchandani not breached the contract as alleged. Jimenez also alleges that he will continue to suffer medical injuries that will exceed the minimum jurisdictional limits, and accordingly Jimenez requests a sum in excess of the minimum jurisdictional limits.

At a hearing on December 15, 2008 (hereinafter the "December Hearing"), the trial court referred to a prior hearing and indicated that the Ramchandani Parties had asserted a motion to dismiss contract and fraud claims. The trial court indicated that it previously had granted Jimenez leave to amend within 21 days to include any additional allegations in the pleadings. The trial court also indicated that, at the prior hearing, it granted "basically the special exceptions or whatever it is." Jimenez acknowledged that, now based on the amended pleadings, the action was based strictly on contract and he "deleted those other causes of action." In open court, the trial judge granted the Ramchandani Parties' motion to dismiss the claims involving damages for suffering, disfigurement of vocal chords, impairment of the ability to speak, and medical injuries exceeding the minimum jurisdictional limits. The trial court indicated that it denied the motion to dismiss as to any claims for contract damages.

In addressing the Ramchandani Parties' request for attorney's fees associated with the health care liability claims, Jimenez argued that the trial court previously had ruled on the motion to dismiss. For support, Jimenez referred to a letter dated December 9, 2008, which was filed along with his third amended petition, in which Jimenez wrote to the district clerk, "This letter is also to advise the Defendant that the court has already ruled and denied the Defendant's motion. The Court has given Defendant no leave of court to file for a second regarding the same issues that she has already ruled on." Jimenez argued that because the trial court already had ruled on the motion,[2] there was no need for this second hearing and, therefore, attorney's fees should have been denied. The trial court denied the Ramchandani Parties' request for attorney's fees.

The record contains a trial court order, signed on December 30, 2008, in which the trial court granted the Ramchandani Parties' motion to dismiss all of Jimenez's health care liability claims regarding medical treatment and all damages associated with the alleged disfigurement of Jimenez's voice and vocal chords and impairment of his ability to speak. The trial court (1) dismissed the claims with prejudice for failure to comply with section 74.351(a), (2) denied the Ramchandani Par-

---

2. There is no evidence in the record to suggest that the trial court had ruled on the Ramchandani Parties' motion to dismiss prior to the December Hearing. The only trial court order in the record is one signed December 30, 2008, which is discussed below.

ties' request for attorney's fees under section 74.351, and (3) denied the Ramchandani Parties' motion as to the breach-of-contract claim "seeking economic contract damages allowed under contract law." The Ramchandani Parties now appeal, challenging the trial court's failure to award attorney's fees, failure to dismiss all of Jimenez's claims, and failure to grant the motion to dismiss at the November Hearing.

## II. Issues and Analysis

### A. Did the trial court abuse its discretion in failing to dismiss all of the claims in the third amended petition?

In their third issue, the Ramchandani Parties assert that the trial court abused its discretion in failing to dismiss all of the claims in Jimenez's third amended petition. The Ramchandani Parties assert that the trial court failed to correctly characterize all of Jimenez's claims as health care liability claims that should have been dismissed.

■ A "health care liability claim" is defined as

a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem.Code Ann. § 74.001(a)(13) (Vernon 2005). Whether a claim falls within the definition of "health care liability claim" requires an examina-

tion of the essence or underlying nature of the plaintiff's claim. *Diversicare Gen. Partners, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex.2005). A cause of action against a health care provider or physician is a health care liability claim if it is based on a claimed departure from an accepted standard of medical care or health care, which allegedly caused injury to or death of a claimant, whether the action sounds in tort or contract. *See id.* at 848. A claimant alleges such a departure from accepted standards of medical care or health care if the act or omission complained of is an inseparable part of the rendition of medical services. *See id.; Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 544 (Tex. 2004). When the essence of a suit is a health care liability claim, a claimant cannot avoid the requirements of the legislature's statutory scheme through artful pleading. *See Rose*, 156 S.W.3d at 543.

■ Jimenez's claims are based on Dr. Ramchandani's alleged breach of an agreement that only he would operate on Jimenez's right carotid artery. Jimenez asserts that Dr. Ramchandani breached this agreement by failing to perform the surgery as agreed and by designating another doctor to perform the surgery. Dr. Ramchandani's alleged failure to perform the surgery as agreed and his alleged designation of another doctor to perform the surgery are necessarily part of the rendition of health care services. Regardless of the damages that Jimenez seeks for the alleged breaches of contract, we conclude that the acts or omissions alleged in Jimenez's suit are an inseparable part of the rendition of health care services and that the essence of this suit is a health care liability claim.[3] *See Murphy v. Russell*,

3. The holding in this case should not be interpreted so as to suggest that a claim for breach of contract against a health care provider is necessarily a health care liability claim or that a claim for breach of contract against a health care provider can never stand as a separate, non-health care liability claim.

167 S.W.3d 835, 837–39 (Tex.2005) (holding that claims for breach of contract, battery, and violations of the Deceptive Trade Practices Act based on alleged breach by anesthesiologist of his agreement not to administer general anesthesia to patient were health care liability claims under former article 4590i); *Hunsucker v. Fustok,* 238 S.W.3d 421, 426–29 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (holding that claims for fraud, assault, and battery, based on surgeon's performance of one surgical procedure when he allegedly had agreed to perform another surgical procedure, were health care liability claims under former article 4590i). Therefore, the trial court abused its discretion to the extent it denied the Ramchandani Parties' motion to dismiss.

 Jimenez asserts that the Ramchandani Parties waived any complaint regarding the trial court's failure to dismiss Jimenez's third amended petition because they did not move to dismiss this petition. The Ramchandani Parties filed their motion to dismiss before Jimenez filed his third amended petition. Nonetheless, the Ramchandani Parties moved to dismiss all of Jimenez's claims, without limiting the motion to a particular petition. The trial court denied, in part, this motion to dismiss. Therefore, the Ramchandani Parties preserved error and did not waive the appellate complaint they raise in their third issue.

Jimenez also asserts that the Ramchandani Parties requested or invited the ruling that the trial court made on their motion to dismiss. The record reflects that, during the December Hearing, counsel for the Ramchandani Parties suggested that the motion could be disposed of by an agreed order, under which the trial court would dismiss all claims except for "the breach of contract claim for the amount paid to Dr. Ramchandani for services." The trial court, however, asked if counsel for Jimenez agreed with this disposition, and Jimenez's counsel stated that he did not agree. Instead, counsel for Jimenez asserted that the trial court should deny the motion as to Jimenez's "breach of contract claim against [the Ramchandani Parties] and all claims submitted under lawful breach of contract damages." With no agreement as to the disposition of the motion to dismiss, the trial court proceeded to rule on the motion in a manner that was different from the disposition proposed by the Ramchandani Parties. We conclude that the parties did not agree as to how the trial court should dispose of the motion. Therefore, the Ramchandani Parties did not request or invite the ruling that the trial court made on the motion.

For the reasons stated above, the trial court abused its discretion to the extent it denied the Ramchandani Parties' motion to dismiss. Accordingly, we sustain the Ramchandani Parties' third issue.[4]

## B. Did the trial court err in failing to award attorney's fees when dismissing the health care liability claims?

In their first issue, the Ramchandani Parties assert that the trial court abused its discretion in failing to award attorney's fees and costs when dismissing the health care liability claims.

Section 74.351 requires that if an expert report has not been served within the statutorily required period of time, upon the motion of the affected physician or health

---

4. Because we conclude that the trial court erred to the extent it denied the Ramchandani Parties' motion to dismiss, we need not and do not address the second issue, in which the Ramchandani Parties assert that the trial court erred by failing to grant their motion at the November Hearing.

care provider, the trial court shall enter an order awarding reasonable attorney's fees and costs and dismiss the claim with prejudice. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b) (Vernon Supp.2009). The Texas Supreme Court has plainly stated that a plaintiff who fails to file a timely and sufficient report is subject to paying a healthcare defendant's attorney's fees and costs should the defendant move to dismiss the plaintiff's claims under Chapter 74. *Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex.2009) ("If a timely and sufficient report is not served, the trial court must award the provider its attorney's fees and costs and dismiss the case with prejudice."); *see also Davis v. Webb*, 246 S.W.3d 768, 774 (Tex.App.-Houston [14th Dist.] 2008, no pet.) (stating that "[u]nder subsection 74.351(b)(1), the trial court must enter an order awarding reasonable attorneys' fees and costs of court when dismissing a case for failure to timely serve the required expert report").

Although Jimenez asserts that the Ramchandani Parties presented no evidence to support an award of attorney's fees, the record reflects that the Ramchandani Parties submitted an affidavit in support of their request for attorney's fees. Jimenez also argues that a request for attorney's fees must be supported by expert testimony in court rather than expert testimony by affidavit. Jimenez cites no authority that supports this proposition, and we reject it. The affidavit submitted by the Ramchandani Parties was sufficient to support their request for attorney's fees.

At the December Hearing, after the trial court granted the Ramchandani Parties' motion to dismiss in part, the Ramchandani Parties reminded the trial court of their attorney's fees request, and the trial court denied this request. The Ramchandani Parties preserved error on their complaint that the trial court erred in denying their request for attorney's fees and costs under section 74.351(b) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b). We have concluded that the trial court should have granted the Ramchandani Parties' motion to dismiss as to all of Jimenez's claims. Therefore, under this statute, the Ramchandani Parties are entitled to reasonable attorney's fees and costs, and the trial court erred in denying their request for them. *See Hernandez*, 289 S.W.3d at 318; *Granbury Minor Emergency Clinic v. Thiel*, 296 S.W.3d 261, 274 (Tex.App.-Fort Worth 2009, no pet.); *Davis*, 246 S.W.3d at 774. Accordingly, we sustain the Ramchandani Parties' first issue.

### III. CONCLUSION

The trial court abused its discretion to the extent it denied the Ramchandani Parties' motion to dismiss and denied their request for attorney's fees and costs under section 74.351(b) of the Texas Civil Practice and Remedies Code. Accordingly, we reverse the trial court's order and remand for further proceedings for the trial court to dismiss all of Jimenez's claims and to award the Ramchandani Parties the reasonable attorney's fees and costs that they have incurred, in accordance with section 74.351(b) of the Texas Civil Practice and Remedies Code.

YATES, J., concurring.

LESLIE B. YATES, Justice, concurring.

I agree with the majority's conclusion that all of Jimenez's claims constitute health care liability claims. However, the majority does not clearly explain the rationale behind its conclusion. The majority merely asserts that Dr. Ramchandani's al-

leged failure to perform the surgery as agreed and designation of another doctor to do so are "an inseparable part of the rendition of health care services" because they are "necessarily part of the rendition" of those services. I write separately to explain why.

In assessing whether a plaintiff's claim is inseparable from the rendition of medical services, a key consideration is the role of medical judgment. *See Marks v. St. Luke's Episcopal Hosp.,* No. 07–0783, —— S.W.3d ——, ——, —— (Tex.2009); *see also Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 847–52 (Tex.2005). An action, or lack thereof, is inseparable from patient treatment or care if it involves professional judgment. *See Marks,* —— S.W.3d at ——. The challenged conduct is Dr. Ramchandani's decision to not perform the surgery (at least as the lead surgeon) and to allow Dr. Tripathy to do so. The jury will necessarily be called on to assess whether Dr. Ramchandani acted reasonably and in furtherance of Jimenez's care when making that decision. Even though framed as a breach of contract action, Jimenez's claim is still, at its essence, a complaint that Dr. Ramchandani exercised poor judgment in allowing Dr. Tripathy to perform the surgery. Many courts have held that breach of contract allegations based on the failure to follow an agreement to provide a certain type of treatment constitute health care liability claims because they involve the assessment of the medical judgment around whether those decisions were appropriate. *See, e.g., Murphy v. Russell,* 167 S.W.3d 835, 837–39 (Tex.2005) (holding that breach of contract claim based on breach of agreement by anesthesiologist not to administer general anesthesia was health care liability claim because circumstances during surgery may have warranted the conduct); *Smalling v. Gardner,* 203 S.W.3d 354, 364–65 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) (finding that breach of contract claim based on failure to provide treatment to newborn surviving only a short time was health care liability claim because those decisions required assessment of what a prudent doctor would do); *see also Hunsucker v. Fustok,* 238 S.W.3d 421, 429 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (concluding that providing care in a manner contrary to parties' agreement is inseparable from the care itself and thus breach of contract claim constituted health care liability claim). It is for this reason that I conclude that all of Jimenez's claims are health care liability claims.