

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00031-CV

_____

JIMMIE HARRIS, ADMINISTRATOR OF THE ESTATE
OF JERRY YEAGER, Appellant

V.

DR. HIREN PATEL AND HEALTHSOUTH
REHABILITATION HOSPITAL, Appellees

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 10C0758-005

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

The health care liability lawsuit filed against Hiren Patel, M.D., and HealthSouth Rehabilitation Hospital (HealthSouth) alleged that medical negligence caused Jerry Yeager's death. But, after the 120-day statutory deadline for serving an expert report had passed, and plaintiff, Jimmie Harris, as personal representative of the Estate of Jerry Yeager, had served no such report, the trial court dismissed the lawsuit and granted attorneys' fees to the two defendants.

Harris appeals, asserting constitutional challenges to the expert-report deadline, claiming trial-court error in refusing his motion to extend the deadline and arguing that the awarded attorneys' fees were excessive. We affirm the trial court's judgment because (1) Harris' constitutional challenges were not preserved and are not meritorious, (2) Section 74.351 requires dismissal of Harris' claims, and (3) the awards of attorneys' fees were within the trial court's discretion.

*(1)* *Harris' Constitutional Challenges Were Not Preserved and Are Not Meritorious*

Harris' constitutional challenge is subject to de novo review. If a statute operates unconstitutionally, the trial court has no discretion to apply it. *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003) (expert report statute did not violate due process right, and trial court did not abuse discretion in dismissing claim).

A health care liability claimant must serve on each "party or party's attorney" one or more expert reports no later than the 120th day after the date the original petition was filed. TEX. CIV.

2

PRAC. & REM. CODE ANN. § 74.351(a) (West 2011). By statute, if an expert report is not served within the specified time period, the court must enter an order that dismisses the claim with respect to the health care provider, with prejudice to refiling of the claim, and that awards to the affected health care provider reasonable attorneys' fees and costs of court. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1), (2) (West 2011). Harris concedes his expert report was not timely served, but claims the 120-day deadline within which to serve this report is arbitrary and amounts to a denial of due process of law.

Preliminarily, Patel and HealthSouth contend Harris waived his constitutional challenge to Section 74.351 by raising it for the first time on appeal.[1] We find nothing in the record demonstrating that Harris' constitutional challenge was raised in the trial court. To preserve a complaint for appellate review, a party must generally present it to the trial court in a timely request, motion, or objection that states the specific grounds therefor, and obtain a ruling. TEX. R. APP. P. 33.1(a). This rule applies to constitutional issues. *In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003); *Wilson-Everett v. Christus St. Joseph*, 242 S.W.3d 799, 801 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 166 (Tex. App.—Texarkana 2005, no pet.). Harris' constitutional claim was not raised in the trial

---

[1]Harris claims that, in this case, Yeager's death, resulting from an alleged medication overdose, creates a strong presumption of negligence. He therefore maintains that the statute arbitrarily truncated his right to have this matter decided by a jury, in violation of his constitutional right to due process. Harris fails to cite statutory or caselaw in support of this proposition.

court and is therefore not subject to review on appeal.[2]

Even if Harris' constitutional challenge had been preserved for our review, his claim would not meet with success. The Constitution does not require prior notice that "the law is clear about a clearly stated consequence for failing to comply with its terms." *Walker*, 111 S.W.3d at 66. Dismissal of Harris' lawsuit was a direct result of his failure to file an expert report in compliance with the statutory deadline.

Moreover, the courts have repeatedly found Section 74.351 constitutional in the face of alleged due process violations. *See Bankhead v. Spence*, 314 S.W.3d 464, 469 (Tex. App.—Waco 2010, pet. denied) (statute not unconstitutional as applied); *Solomon-Williams v. Desai*, No. 01-08-00733-CV, 2009 WL 1813135 (Tex. App.—Houston [1st Dist.] June 25, 2009, pet. denied) (mem. op.) (statute not facially unconstitutional); *Smith v. Hamilton*, No. 09-07-128-CV, 2007 WL 1793754 (Tex. App.—Beaumont June 21, 2007, no pet.) (mem. op.) (statute not unconstitutional as applied); *Etheredge v. McCarty*, No. 05-05-00164-CV, 2006 WL 1738258 (Tex. App.—Dallas June 27, 2006, no pet.) (mem. op.) (dismissal imposed as direct result of failure to file expert report in compliance with statutory deadline was appropriate and did not violate due process); *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452 (Tex. App.—Austin 2006, no pet.) (Section 74.351 does not violate due course of law provision of Texas Constitution); *Thoyakulathu v. Brennan*, 192 S.W.3d 849 (Tex. App.—Texarkana 2006, no pet.) (due process

---

[2]Harris' argument in this connection is not supported by citations to statutory or caselaw. This failure to offer legal analysis has heretofore been found to constitute a waiver of the issue on appeal. *See Parker v. CCS/Meadow Pines, Inc.*, 166 S.W.3d 509, 513 n.4 (Tex. App.—Texarkana 2005, no pet.).

does not require "exceptions [to expert report requirement] that would encompass any conceivable complication in order to pass constitutional muster"); *Perry v. Stanley*, 83 S.W.3d 819, 825 (Tex. App.—Texarkana 2002, no pet.) (Section 74.351 does not violate due course of law provision of Texas Constitution).

Harris' assertion that the statute's restrictions are arbitrary and unreasonable presents a facial challenge to Section 74.351. To sustain such a challenge, it must be shown that the statute, by its own terms, always operates unconstitutionally. Harris' complaint of arbitrary and unreasonable restrictions imposed by the statutory time frame is untenable. *See Herrera*, 212 S.W.3d at 461 (merely asserting that Section 74.351 is "arbitrary and unreasonable" fails to demonstrate that statute always operates unconstitutionally).

Harris further asserts that Yeager's death, resulting from an alleged medication overdose, "creates a strong presumption of negligence" and that this claim is not the type of meritless claim envisioned by the Legislature. Harris therefore contends the statute is unconstitutional as applied. Appellate courts are not at liberty to create exceptions to the mandatory time frame in which to file an expert report, even when a meritorious claim may be dismissed. *See Broxterman v. Carson*, 309 S.W.3d 154 (Tex. App.—Dallas 2010, pet. denied) (dismissal of claim for failure to comply with expert report requirement, even if claim is meritorious, does not offend due process); *Gulf Coast Med. Ctr.*, *LLC v. Temple*, No. 13-09-00350-CV, 2010 WL 196972 (Tex. App.—Corpus Christi Jan. 21, 2010, no pet.) (mem. op.) (court not free to craft exceptions to expert report

5

requirement each time objective of that requirement is frustrated).

Finally, Harris contends Section 74.351 violates the Separation of Powers doctrine,[3] because it deprives the judicial branch of the authority to assess the evidence and facts in the case. Even if this issue had been preserved for our review, it has been determined that this section does not violate the Separation of Powers doctrine. *Wilson-Everett*, 242 S.W.3d at 803–04.

Harris' constitutional challenges fail.

*(2)     Section 74.351 Requires Dismissal of Harris' Claims*

A trial court's ruling on a motion to dismiss under Section 74.351(b) is reviewed for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex. v. Palacios*, 46 S.W.3d 873, 877–78 (Tex. 2001). A trial court abuses its discretion when it "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re Bass*, 113 S.W.3d 735, 738 (Tex. 2003); *Yilmaz v. McGregor*, 265 S.W.3d 631, 635–36 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). Questions of law are subject to a de novo review. *See Oak Park*, *Inc. v. Harrison*, 206 S.W.3d 133, 137 (Tex. App.—Eastland 2006, no pet.). "[A] trial court has no discretion in determining what the law is, which law governs, or how to apply the law." *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 871 n.1 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *see also Buck v. Blum*, 130 S.W.3d 285, 290 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (de novo standard of review applies in reviewing interpretation of health care

---

[3]The Separation of Powers doctrine prohibits one branch of government from exercising a power inherently belonging to another branch. *Gen. Servs. Comm'n v. Little-Tex. Insulation Co*., 39 S.W.3d 591, 600 (Tex. 2001).

liability statute).

While not stated as a separate issue, Harris essentially contends the trial court abused its discretion in failing to allow a thirty-day extension in which to file the expert report to correct any deficiency. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c) (West 2011). Subsection (c) provides for the only extension available in the absence of a written agreement[4] between the affected parties:

> If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30–day extension to the claimant in order to cure the deficiency. If the claimant does not receive notice of the court's ruling granting the extension until after the 120–day deadline has passed, then the 30–day extension shall run from the date the plaintiff first received the notice.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c). Harris maintains that, because the statute does not define "deficiency" and does not satisfactorily explain the plain meaning of the phrase "if an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient," the trial court may, in its discretion, grant a thirty-day extension to cure any deficiency. Here, Harris claims the trial court never ruled on whether the report was deficient and failed to consider whether to grant an extension to amend the report.

Harris filed suit May 6, 2010. The expert report was therefore due on or before September 3, 2010. The expert report was not served until September 13—ten days after the deadline passed, at which time Harris also filed a motion to extend the expert report submission

---

[4]"The date for serving the report may be extended by written agreement of the affected parties." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). No such agreement appears here.

7

deadline to September 13. This Court has previously held that Section 74.351(c):

> Serve[s] as an after-the-fact extension, a second chance at getting the report right. That is, the claimant still must serve the expert report by the 120–day deadline, but, if the trial court determines the timely-filed report is deficient, it may grant an extension in which the claimant may cure any deficiencies in the report.

*Thoyakulathu*, 192 S.W.3d at 852–53. Because Harris failed to serve his report by the deadline, and no agreed extension was obtained, mandatory dismissal was required. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1), (2). Section 74.351(c) does not apply to an expert report filed beyond the 120-day deadline. *Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 815 (Tex. App.—Corpus Christi 2006, no pet.); *Thoyakulathu*, 192 S.W.3d at 853.

The statute required the dismissal ordered by the trial court.

*(3)     The Awards of Attorneys' Fees Were Within the Trial Court's Discretion*

The trial court's order dismissing Harris' petition ordered Harris to pay attorneys' fees and court costs to Patel and HealthSouth. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). The trial court awarded to Patel $8,602.77 in attorneys' fees, and to HealthSouth $2,785.50 in attorney's fees. Harris claims the fee awards are excessive in light of the amount of work done by respective counsel for Patel and HealthSouth. We review a trial court's award of attorneys' fees under Chapter 74 for an abuse of discretion. *See Sandles v. Howerton*, 163 S.W.3d 829, 838 (Tex. App.—Dallas 2005, no pet.) (applying abuse of discretion standard under prior act). We review the award to each defendant in turn.

Section 74.351(b)(1) provides that, if an expert report has not been served within the period

specified, the trial court, on a proper motion, shall award "reasonable attorney's fees and costs of court incurred by the physician or health care provider." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1). The reasonableness of attorney's fees is a question of fact and must be supported by credible evidence. *Stukes v. Bachmeyer*, 249 S.W.3d 461, 469 (Tex. App.—Eastland 2007, no pet.); *All Seasons Window & Door Mfg., Inc. v. Red Dot Corp.*, 181 S.W.3d 490, 503 (Tex. App.—Texarkana 2005, no pet.). In a nonjury case, the record must contain probative evidence to support the award as made by the trial court. *Woollett v. Matyastik*, 23 S.W.3d 48, 52 (Tex. App.—Austin 2000, pet. denied). A request for attorney's fees under Section 74.351(b) may be supported by an affidavit, rather than live testimony. *See Ramchandani v. Jimenez*, 314 S.W.3d 148, 154 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Accordingly, if an affidavit contains some evidence supporting the reasonableness of attorney's fees, the trial court is within its discretion to award such fees. *Id.*

Patel's attorney submitted an affidavit indicating attorney legal services rendered on behalf of Patel totaled 36.30 hours, billed at an hourly rate of $215.00 per hour, for a total of $7,804.50. The affidavit states that the services performed were reasonable and necessary in defense of the case, and the hourly rate of $215.00 is a reasonable and customary fee in Bowie County, Texas, for the legal services rendered. The affidavit further indicates the paralegal services of one hour at an hourly rate of $95.00 were performed, and $488.27 in expenses were incurred in gathering medical records related to the case, for a total of $583.27. Finally, the affidavit indicates that the hourly

9

rate of $95.00 is a reasonable and customary fee in Bowie County, Texas, for the paralegal services rendered. These fees total $8,387.77. At the dismissal hearing, counsel for Patel indicated that fees totaled $8,602.77, taking into account counsel's time in attending the hearing.

Harris neither objected to Patel's proof of attorney's fees, nor submitted a controverting affidavit or testimony regarding the total fees requested by counsel for Patel. Moreover, the award of fees to Patel is supported by credible, competent evidence, as outlined above. Patel's proof established a reasonable hourly rate for legal representation and for paralegal work. Harris does not challenge either of these rates. What remains to be challenged as excessive is the number of hours spent in the defense of the case during the four-month time frame between the time suit was filed and the dismissal hearing. During that time, Patel's attorney performed thirty-six hours of legal services. For a medical malpractice case, this is not excessive. *See Hagedorn v. Tisdale*, 73 S.W.3d 341, 353 (Tex. App.—Amarillo 2002, no pet.) (factor to be considered by court in determining amount of fees is novelty and difficulty of question presented, and skill required).

Harris has failed to establish that the fee award to Patel is excessive, and the record contains probative evidence to support the award. Accordingly, we find the award of attorney's fees and costs in favor of Patel to be appropriate and uphold the award.

Counsel for HealthSouth submitted an affidavit indicating legal services rendered on behalf of HealthSouth totaled $11,350.00, billed at an hourly rate of $205.00 for senior partner

time, $165.00 for associate time, and $100.00 for paralegal time. The defense expended a combined total of 68.8 hours. Fees incurred solely in relation to the motion to dismiss totaled $2,785.50, the fee awarded by the Court. The affidavit recites that the services performed were reasonable and necessary, and the hourly rates were reasonable and customary in the defense of a medical malpractice case.

Harris neither objected to HealthSouth's proof of attorney's fees, nor submitted a controverting affidavit or testimony regarding the total fees requested by counsel for HealthSouth.[5] Moreover, the award of fees to HealthSouth is supported by credible, competent evidence, as outlined above. HealthSouth's proof established a reasonable hourly rate for legal representation and for paralegal work. Harris does not challenge either of these rates. What remains to be challenged as excessive is the number of hours spent in the defense of the case. The fact that the total fees awarded to HealthSouth were $2,785.50, when $11,350.00 in fees were submitted, substantially weakens the contention that the number of hours expended on the motion to dismiss (a total of fourteen) was excessive. Harris has failed to establish the fee award to HealthSouth is excessive, and the record contains probative evidence to support the award. Accordingly, we find the award of attorney's fees in favor of HealthSouth to be appropriate and uphold the award.

---

[5]The argument that fees awarded to HealthSouth are excessive is nullified by the fact that, even though total fees submitted were $11,350.00, the trial court only awarded fees of $2,785.50.

11

We affirm the judgment of the trial court.[6]

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 16, 2011
Date Decided:      September 22, 2011

---

[6]Both Patel and HealthSouth seek damages from Harris for filing a frivolous appeal. *See* TEX. R. APP. P. 45. We decline to award damages in this instance.