Oluwakemi AWONIYI and Quadri Ige, Appellants,

v.

Robert Barton McWILLIAMS, M.D., and The Woman's Hospital of Texas, Appellees.

No. 14–07–00071–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 10, 2008.

Omotola Ayodele Oresusi, Houston, for appellants.

Nicole G. Andrews, Sammy Joe Johnson II, Richard A. Sheehy, T. Marc Calvert, Houston, for appellees.

Panel consists of Justices YATES, GUZMAN, and BROWN.

## OPINION

JEFF BROWN, Justice.

This appeal stems from the trial court's dismissal of appellants' medical liability claims against appellees, and its award of attorney's fees to one appellee, under Texas Civil Practice and Remedies Code section 74.351(b). We affirm the judgment of the trial court dismissing appellants' claims against appellees, but reverse the judgment awarding attorney's fees to The Woman's Hospital of Texas and remand for further proceedings.

Appellants Oluwakemi Awoniyi and her husband Quadri Ige (hereinafter collectively "Awoniyi") filed the underlying lawsuit on June 5, 2006 against appellees Dr. Robert McWilliams and The Woman's Hospital of Texas. It is undisputed that the underlying action is a "health care liability claim" subject to Chapter 74 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code § 74.001 *et*

*seq.* (Vernon 2005 & Supp.2007).[1]

Under Chapter 74, a health care liability claimant is required to serve on the defendant health care provider(s) one or more expert reports setting forth "the applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *Id.* § 74.351(a) and (r)(6). The claimant must serve any such expert report on each health care provider "not later than the 120th day after the date the claim was filed." *Id.* § 74.351(a). If the claimant does not file an expert report within the 120–day period, the trial court on motion of the affected health care provider shall enter an order awarding reasonable attorney's fees and costs of court incurred by the health care provider and dismissing the claim, with prejudice, as to that health care provider. *Id.* § 74.351(b).

Alleging that Awoniyi wholly failed to serve an expert report as required under Section 74.351, the hospital and McWilliams each filed a motion to dismiss Awoniyi's claims and for recovery of reasonable attorney's fees. The hospital and McWilliams later amended their respective motions to allege that dismissal was required because Awoniyi failed to make such service within the prescribed time period. After receiving briefing and hearing the arguments of counsel, the trial court dismissed Awoniyi's claims against McWilliams and the hospital and awarded $12,037.26 attorney's fees to the hospital. Awoniyi's motion for new trial was overruled by operation of law and she perfected this appeal.

Awoniyi asserts that the trial court erred by (a) dismissing her action, (b) failing to grant her motion for new trial, and

(c) awarding attorney's fees to the hospital. She also contends the evidence does not support the amount of the fee award. We address each assertion in turn.

## DISMISSAL OF AWONIYI'S CLAIMS

■ With respect to Awoniyi's first point of error, the parties agree that for purposes of Section 74.351(a), October 3, 2006, is the 120th day after Awoniyi filed this lawsuit. Awoniyi contends, however, that Texas Rule of Civil Procedure 21a extended the deadline for service of her expert report until October 6. Because Awoniyi faxed her expert's report to counsel for the hospital and McWilliams on October 5, she argues her service of the report was timely. While Rule 21a does apply to the service of an expert report in a medical liability claim action, we conclude the trial court rightly rejected Awoniyi's argument that such rule extended the October 3, 2006, deadline for serving her expert report.

Chapter 74 does not define what it means to "serve" an expert report on a health care provider pursuant to Section 74.351(a), but it provides that undefined terms shall be accorded "such meaning as is consistent with the common law." Tex. Civ. Prac. & Rem.Code § 74.001(b). At least two courts have held that a claimant seeking to "serve" an expert report on a medical care provider under Section 74.351(a) must comply with Texas Rule of Civil Procedure 21a. *Herrera v. Seton Northwest Hosp.,* 212 S.W.3d 452, 459 (Tex.App.-Austin 2006, no pet.); *Kendrick v. Garcia,* 171 S.W.3d 698, 704 (Tex.App.-Eastland 2005, pet. denied); *see also* Tex.R. Civ. P. 2 ("[t]hese rules shall govern the procedure in the justice, county, and district courts of the State of Texas in

---

**1.** We omit a description of the facts giving rise to Awoniyi's medical liability claims be-

cause such facts are immaterial to the issues on appeal.

all actions of a civil nature, with such exceptions as may be hereinafter stated").

Rule 21a provides four methods by which a notice or pleading may be "served": by delivering a copy to the party or his agent or attorney (1) in person, by agent, or by courier-receipted delivery; (2) by certified or registered mail to the party's last-known address; (3) by telephonic document transfer (fax); or (4) by such other manner as the court may direct. Tex.R. Civ. P. 21a. The hospital and McWilliams concede that Awoniyi delivered her expert's report and curriculum vitae by fax to each of their counsel of record on October 5, 2006. They also concede that fax is a permissible form of service under Rule 21a. However, because Awoniyi sent the fax two days after the expiration of the 120–day period that Section 74.351(a) imposes, the hospital and McWilliams insist the trial court did not err in dismissing Awoniyi's action.

Awoniyi argues that Rule 21a "enlarges the due date by three (3) days if one of [the] four ways of service is met." We assume Awoniyi relies on the following language of Rule 21a:

> Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon [him] by mail or by telephonic document transfer, three days shall be added to the prescribed period.

Tex.R. Civ. P. 21a. This provision grants, in unambiguous language, a three-day extension to a due date when (1) the act subject to the due date is triggered by service of a paper on the acting party *and* (2) the triggering service was made by mail or by telephonic document transfer (fax).

Section 74.351 prescribes the due date for a health care claimant's service of its expert report(s) on the health care provider(s) against which the claimant asserts a liability claim. Service of a notice or other paper upon Awoniyi did not trigger the due date for service of her expert report. Rule 21a thus provides no basis for the extension of the due date for service of Awoniyi's expert report.

Section 74.351(a) required Awoniyi to serve her expert report on the hospital and McWilliams by October 3, 2006, 120 days after she filed her petition. Because there is no basis for extension of this deadline and she did not serve the report until October 5 when her counsel faxed it to counsel for both defendants, she did not comply with Section 74.351(a). The trial court was required to dismiss, and thus did not err in dismissing, Awoniyi's lawsuit pursuant to Section 74.351(b)(2). Tex. Civ. Prac. & Rem.Code § 74.351(b)(2) (Vernon Supp.2007). We overrule Awoniyi's first point of error.

Awoniyi next asserts that the trial court erred by not granting her motion for new trial, which was overruled by operation of law. We review a trial court's ruling on a motion for new trial for an abuse of discretion. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). This abuse of discretion standard applies even where the motion for new trial has been overruled by operation of law and not by express ruling. *Cont'l Carbon Co. v. Sea–Land Serv., Inc.,* 27 S.W.3d 184, 187 (Tex. App.-Dallas 2000, pet. denied) (citing *Director, State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex. 1994); *Bank One v. Moody,* 830 S.W.2d 81, 81, 85 (Tex.1992)).

In her motion for new trial, Awoniyi presented the same issues and arguments she presented in opposition to the hospital's and McWilliams's motions to dismiss. Specifically, she contended she timely

served her expert report on the hospital and McWilliams under Rule 21a's three-day extension and that the court thus erred in granting the motions to dismiss. We have held above that the trial court did not err in granting the motions to dismiss, because the three-day extension portion of Rule 21a does not apply to the time limit Section 74.351(a) imposes on a health liability claimant. Therefore, the trial court did not abuse its discretion in failing to grant a new trial with respect to dismissal of her claims. We overrule Awoniyi's second point of error.

### ATTORNEY'S-FEE AWARD TO THE HOSPITAL

In her third point of error, Awoniyi contends the trial court erred in awarding attorney's fees to the hospital because she timely served her expert report on the hospital. As discussed above, Awoniyi's expert report was not served timely. Where an expert report is not served timely, Section 74.351 imposes a duty on the trial court, upon a health care provider's motion, to dismiss the claims and to award reasonable attorney's fees to the health care provider. *See Bocquet v. Herring,* 972 S.W.2d 19, 20–21 (Tex.1998) (holding that attorney's fee statute using "shall" language is not discretionary). The trial court thus did not err in awarding attorney's fees to the hospital. We overrule Awoniyi's third point of error.

■ In her fourth point of error, Awoniyi contends the trial court erred in awarding $12,037.26 in attorney's fees to the hospital because the evidence is insufficient to prove the hospital actually incurred this sum or that the sum is reasonable. *See* Tex. Civ. Prac. & Rem.Code § 74.351(b)(1) (requiring court to "award[ ] to the affected physician or health care provider *reasonable* attorney's fees and costs of court *incurred*" where claimant fails timely to serve expert report) (em-

phasis added). The burden was on the hospital to prove its fees and their reasonableness. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991) ("[a]s a general rule, the party seeking to recover attorney's fees carries the burden of proof").

In support of its claim for attorney's fees, the hospital presented affidavit testimony from one of its attorneys of record. In an affidavit filed with the hospital's amended motion to dismiss, the attorney testified the hospital incurred $12,037.26 in fees. The hospital's attorney's affidavit testimony constitutes some evidence that the hospital actually incurred $12,037.26 in attorney's fees. Awoniyi presented no evidence to contradict such testimony. We overrule Awoniyi's fourth point of error insofar as it challenges sufficiency of the evidence that the hospital actually incurred the awarded fee.

Responding to the hospital's motion to dismiss, Awoniyi presented an affidavit from one of her counsel of record. Awoniyi's counsel testified that the hospital's claimed fees were not reasonable and that $1,000.00 would be a reasonable fee "in this case." Awoniyi's counsel also stated, "No discovery is expected to have been done until [a] medical expert report is received from Plaintiff." With her motion for new trial, Awoniyi presented the trial court with proof that the hospital had served discovery requests on Awoniyi on September 11, 2006, before her expert report was due. These requests included interrogatories, requests for admissions, and requests for production of documents. On appeal, Awoniyi claims to be "sure that the Woman's Hospital of Texas' [sic] attorney are [sic] making claims for hours spent to prepare these discovery requests which the law does not allow at the time she filed the requests."

Awoniyi impliedly argues that Section 74.351(b)'s mandatory award of reasonable attorney's fees may not properly include fees incurred for discovery in the lawsuit. We agree. Section 74.351(s) provides that until a health care liability claimant has served the required expert report, all discovery is stayed. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(s) (Vernon Supp.2007). Where a claim is dismissed because the claimant fails to serve the expert report Section 74.351(a) requires, or fails to serve the report within the time frame prescribed, the reasonable attorney's fee recoverable by the health care provider under Section 74.351(b) should not include fees attributable to discovery undertaken by the provider.

Awoniyi's motion for new trial and, to a lesser extent, her response to the hospital's motion to dismiss, should have alerted the trial court that she objected to the hospital's failure to segregate its claimed attorney's fees to identify only those recoverable under Section 74.351(b). Stated differently, Awoniyi effectively objected to the trial court's inclusion of any fees incurred in discovery in its award of the hospital's attorney's fees.

In her affidavit, the hospital's attorney attributes the hospital's fees, totaling over $12,000.00, to "review, investigation and defense of this case[,] and preparation of the motion to dismiss, first amended motion to dismiss, and affidavit for attorney's fees." She states the total fee includes 40.4 attorney hours at rates ranging from $160 to $200 per hour, 21.5 nurse legal assistant hours at the rate of $85 per hour, and 16.4 paralegal hours at the rate of $80 per hour. She also testified that the claimed fee is reasonable in amount and "necessary to [the hospital]'s defense of [Awoniyi's] claims."

The hospital's attorney does not in her testimony attribute particular hours worked or fees incurred to specific activities undertaken on the hospital's behalf. The hospital's attorney does not state that the requested fee includes charges for work related to preparation of the discovery requests that were served on Awoniyi on September 11, 2006. Nor, however, does she state that the requested fee does *not* include such charges. Work related to the discovery requests could constitute "defense of th[e] case," which the hospital's attorney testified constitutes a basis for the incurred fee. Further, the affidavit testimony is dated October 17, 2006, more than a month after service of the discovery requests on Awoniyi. Under these circumstances, we cannot exclude the possibility that preparation of the discovery requests forms the basis for some portion of the awarded fee.

 Evidence of unsegregated fees constitutes more than a scintilla of evidence of segregated attorney's fees. *Stewart Title,* 822 S.W.2d at 12 (holding that where plaintiff sought recovery of fees against multiple defendants, evidence of unsegregated fees was more than a scintilla of evidence to support fee award; "what a reasonable attorney's fee would be for the entire case indicates what the segregated amount[ ] should be"). Where a fee award is erroneously based on evidence of unsegregated fees, therefore, a court of appeals must remand the award to the trial court rather than render no award. *Stewart Title,* 822 S.W.2d at 11 (requiring remand for new trial on amount of fees incurred against each defendant individually).

In this case, the trial court's fee award was based on evidence of unsegregated fees. Section 74.351(b), read in conjunction with Section 74.351(s), does not permit a health care provider to recover fees for discovery when the claim against it is dismissed for lack of timely service of an

expert report. Awoniyi objected to the hospital's failure to segregate its proof of fees to exclude those attributable to discovery served on Awoniyi before her expert report was due. In the face of Awoniyi's objection, the trial court abused its discretion in awarding fees based on the unsegregated attorney's fees or in failing to grant a new trial on that issue. We reverse the fee award to the hospital and remand to the trial court for a new determination of the amount of attorney's fees to be awarded to the hospital.