Affirmed and Memorandum Opinion filed December 16, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00030-CV

___________________

 

Brinda Redwine, Appellant

 

V.

 

Valerie K. Wright, M.D. and Robert M. Wright,
M.D., Appellees



 



 

On
Appeal from the 170th District Court

McLennan County,
Texas



Trial Court Cause No. 2009-2227-4

 



 

 

MEMORANDUM OPINION

            This appeal follows the trial court’s dismissal of
appellant’s health care liability claim and its award of attorneys’ fees to
appellees. Appellant proceeds pro se, challenging the appropriateness of the
dismissal on constitutional and statutory grounds. She also challenges the
reasonableness of the award of attorney’s fees. We will affirm.

            Appellant
Brinda Redwine (“Redwine”) filed an original petition on June 26, 2009 against
appellees Valerie K. Wright, M.D. and Robert M. Wright, M.D. (the “Wrights”). Her
underlying action was a “health care liability claim” subject to Chapter 74 of
the Civil Practice and Remedies Code. Under Chapter 74, a health care liability
claimant must serve on each defendant a copy of a medical expert report no
later than 120 days from the date of the original petition. Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(a) (West 2005 & Supp. 2009). The report
must actually be served on the parties; a filing with the clerk’s office will
not suffice. See Kendrick v. Garcia, 171 S.W.3d 698, 700, 704–05 (Tex.
App.—Eastland 2005, pet. denied). If the expert report is not served within the
prescribed period, the trial court, upon motion, must enter an order dismissing
the claim and awarding reasonable attorney’s fees. Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(b). 

            The
parties agree that Redwine’s service deadline was Monday, October 26, 2009. On
that date, Redwine filed a copy of her medical expert report with the county
clerk’s office. She then attempted to mail a separate copy to the Wrights, only
to arrive at the post office and discover that it had already closed. Ultimately,
she did not effectuate service on the Wrights until she mailed a copy of the
report on Thursday, October 29. The Wrights subsequently moved to dismiss the
suit because service was made outside the statutory window of 120 days. The
trial court granted the motion and awarded the Wrights $6,617 in attorney’s
fees. Redwine appeals on the following issues: (1) the constitutionality
of her claim’s dismissal; (2) the applicability of a deadline-extension
provision; and (3) the reasonableness of the award of attorney’s fees.

            In
her first issue, Redwine argues that the trial court’s dismissal violates her
Sixth Amendment right to a jury trial. We overrule this issue, as the Sixth
Amendment applies strictly to “criminal prosecutions.” U.S. Const. amend. VI; see
also Fields v. Metroplex Hosp. Found., No. 03-04-00516-CV, 2006 WL 2089171,
at *3 n.4 (Tex. App.—Austin July 8, 2006, no pet.) (observing no Sixth
Amendment violation upon dismissal of medical malpractice claim).

            In
her second issue, Redwine contends that service was timely because the Wrights
received the expert report within the three-day extension period provided under
Rule 21a of the Texas Rules of Civil Procedure. Redwine relies on the following
language from the rule: 

Whenever a party
has the right or is required to do some act within a prescribed period after
the service of a notice or other paper upon him and the notice or paper is
served upon by mail or by telephonic document transfer, three days shall be
added to the prescribed period.

Redwine’s
argument is unavailing for two reasons. First, she failed to raise this issue
to the trial court, and thus, has not preserved error for appeal. See
Tex. R. App. P. 33.1. Second, even if error were preserved, Redwine’s construction
of the rule is still mistaken. Rule 21a will only extend a deadline if the
prescribed period is triggered by “the service of a notice or other paper.” In
this case, the prescribed period is determined by statute, not the independent
receipt of some other document. See Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(a); see also Awoniyi v. McWilliams, 261 S.W.3d 162,
165 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that Rule 21a will
not extend the service period for a health care liability claimant under
Section 74.351(a)). Therefore, Rule 21a is not applicable. Redwine’s second issue
is overruled.

            In
her third and final issue, Redwine challenges the award of attorney’s fees,
arguing that the amount was unreasonable and that the evidence was insufficient
to prove the amount incurred. We review the amount of attorney’s fees awarded under
a legal sufficiency standard, overruling any challenge if more than a scintilla
of evidence supports the disputed judgment. Wal-Mart Stores, Inc. v.
Canchola, 121 S.W.3d 735, 739 (Tex. 2003); Mitchell v. Methodist Hosp.,
No. 01-08-00898-CV, 2009 WL 5174186, at *9 (Tex. App.—Houston [1st Dist.] Dec.
31, 2009, pet. filed). Factors we consider when determining the reasonableness
of a fee include: (1) the time and labor required, the novelty and
difficulty of the questions involved, and the skill required to perform the
legal service properly; (2) the likelihood that the acceptance of the
particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal
services; (4) the amount involved and the results obtained; (5) the
time limitations imposed by the client or by the circumstances; (6) the
nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer performing the
services; and (8) whether the fee is fixed or contingent on results
obtained or uncertainty of collection before the legal services have been
rendered. Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d
812, 818 (Tex. 1997).

            Counsel
for the Wrights submitted two affidavits attesting to the reasonableness of his
attorney’s fees: the first with his original motion to dismiss, and the second with
his supplemental motion. In his first affidavit, counsel specifically mentioned
that he had not undertaken any written discovery. See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(s) (staying all discovery until service of
the expert report); see also Awoniyi, 261 S.W.3d at 167–68)
(remanding award of attorney’s fees where affidavit contained evidence of
unsegregated fees). In both affidavits, counsel described the scope of services
performed, and the amount of time spent in their performance. Counsel also
attested that his hourly rate was “very reasonable” for an attorney of his
experience—over twenty-three years of practice in Texas, and over thirteen in
the field of medical malpractice. Redwine has offered nothing to controvert
these affidavits. Because the affidavits are some evidence of the
reasonableness of attorney’s fees, there is more than a scintilla of evidence
to support the amount actually awarded. Accordingly, we overrule Redwine’s
third issue.

            The
judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Seymore, Boyce, and Christopher.