Reversed and Remanded and Opinion
filed February 10, 2011.

In
The

Fourteenth
Court of Appeals



NO. 14-10-00625-CV



Nexion Health
at Beechnut, Inc., d/b/a Beechnut Manor, Appellant 

v.

Yestial Paul,
as Representative of all Wrongful Death Beneficiaries and as Respresentative of
the Estate of Robbie Lee Paul, Deceased, Appellee 



On Appeal from
the 234th District Court

Harris County, Texas

Trial Court
Cause No. 2009-45422



 

OPINION

Appellant Nexion Health at Beechnut, Inc., d/b/a
Beechnut Manor (“Beechnut”) brings this interlocutory appeal of the trial
court’s order denying its motion to dismiss the claims of appellee Yestial
Paul, as Representative of All Wrongful Death Beneficiaries and as
Representative of the Estate of Robbie Lee Paul, Deceased (“Paul”).  We reverse
and remand.

BACKGROUND

This is an
interlocutory appeal from a health care liability claim filed under chapter 74
of the Civil Practice and Remedies Code.  Paul alleges that Beechnut was
negligent in the care and treatment of her grandmother.  After Paul filed her
expert report pursuant to Civil Practice and Remedies Code section 74.351(a),
Beechnut filed a motion to dismiss, arguing that Paul’s expert report was
deficient.  The trial court granted the motion in part, giving Paul thirty days
to cure the deficiencies.  Paul served the amended report by fax at 6:14 p.m.
on the thirtieth day.  Beechnut again moved to dismiss, arguing both that the
amended expert report was untimely served and that the amendment did not cure
the prior deficiencies.  The trial court denied Beechnut’s motion, and this
appeal followed.

ANALYSIS

A.    
 Untimely
Filing of Brief

Before we address the merits of the appeal, we
address Paul’s argument that Beechnut did not timely file its brief.  In an
accelerated appeal such as this, the appellant’s brief must be filed within
twenty days of the date either the clerk’s record or reporter’s record is filed
(whichever is later).  Tex. R. App. P. 38.6(a). 
The clerk’s record was filed August 16, 2010, and no reporter’s record was
filed.  Twenty days from August 16 is September 5, a Sunday.  According to
Paul, Beechnut’s brief was untimely because it filed its brief on September 10,
2010 rather than the next Monday.  See
Tex. R. App. P. 4.1(a).

September 6, 2010 was a state and federal holiday,
Labor Day, so the filing date was moved to September 7, 2010.   See id.  Beechnut
asserts, and Paul does not dispute, that it properly mailed its brief on
September 7, and thus the brief was timely filed because it was received by
this court within ten days.  See
Tex. R. App. P. 9.2(b).  We
overrule Paul’s argument.

B.     Untimely Filing of Amended
Expert Report

Section 74.351
provides that a health care liability claimant must file and “serve” an expert
report within 120 days of filing suit.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(a) (West Supp. 2009).  The statute does not define “serve,” but this
court as well as others have interpreted the statute to incorporate the service
rules found in Texas Rule of Civil Procedure 21a.  See Awoniyi
v. McWilliams, 261 S.W.3d 162, 164 (Tex. App.—Houston [14th Dist.] 2008,
no pet.); Univ. of
Tex. Health Sci. Ctr. v. Gutierrez, 237 S.W.3d 869, 872 (Tex.
App.—Houston [1st Dist.] 2007, pet. denied).  Section 74.351 further provides
that “[i]f an expert report has not been served within the period specified by
Subsection (a) because elements of the report are found deficient, the court
may grant one 30-day extension to the claimant in order to cure the
deficiency.”  Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(c).  A report that is deficient has not been “served”
for purposes of section 74.351(a).  See
id.; Lewis v. Funderburk,
253 S.W.3d 204, 207–08 (Tex. 2008) (holding that subpart (c) defines a timely
but deficient report as one that “‘has not been served’” (quoting Tex. Civ. Prac. & Rem. Code Ann. §
74.351(c)).  Thus, a thirty-day extension to cure deficiencies is an extension
of the service deadline, and Rule 21a applies.

The trial court found Paul’s first report deficient
and, in an order signed March 24, 2010, gave Paul a thirty-day extension to
cure the deficiencies. Therefore, Paul’s amended expert report was due April
23, 2010.  Paul served her amended report by fax on April 23, 2010 at 6:14
p.m.  Under Rule 21a, service by fax that occurs after 5:00 p.m. is considered
served on the next day.[1] 
Therefore, Paul served her amended expert report one day late.  Though we
review a trial court’s ruling on a motion to dismiss for failure to comply with
section 74.351 for an abuse of discretion, whether proper service has been made
is a question of law we review de novo.  Gutierrez,
237 S.W.3d at 871.  Because Paul did not comply with the service requirements
of section 74.351, the trial court had no discretion to take any action other
than dismissing the claim.  See
Rivenes v. Holden,
257 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Paul argues that her service was timely because she
did not have notice of the court’s ruling when it was made and did not receive
notice until April 2, 2010.  Section 74.351(c) states:  “If the claimant does
not receive notice of the court’s ruling granting the extension until after the
120-day deadline has passed, then the 30-day extension shall run from the date
the plaintiff first received the notice.”  We reject Paul’s argument.  There is
no evidence in the record to support Paul’s assertion that she did not have
notice of the trial court’s ruling when it was made.  Paul attaches to her
brief a post card notice of the court’s ruling with a “received” stamp of April
2, 2010, but we cannot consider evidence attached to briefs not contained in
the appellate record.  WorldPeace
v. Comm’n for Lawyer Discipline, 183 S.W.3d 451, 465 n.23 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied).  Further, this post card does not
address when Paul first knew of the court’s ruling.  No transcript of the
dismissal hearing is available, but Paul stated in her response to Beechnut’s
second motion to dismiss that the trial court granted an extension “[a]t the
hearing.”  Paul did not argue to the trial court that she did not have notice
of the ruling on the date it was made but only argued that any untimeliness was
not the result of conscious indifference in attempting to serve her report. 
However, such circumstances are no longer a defense to untimely service under
section 74.351.  See
Badiga v. Lopez,
274 S.W.3d 681, 684 (Tex. 2009); Estate
of Regis v. Harris Cnty. Hosp. Dist., 208 S.W.3d 64, 68 (Tex.
App.—Houston [14th Dist.] 2006, no pet.).  There is no basis in the record for
determining a deadline to serve Paul’s amended expert report other than April
23, 2010.

The legislature created clear deadlines under section
74.351.  See Badiga,
274 S.W.3d at 683.  This has lead to seemingly harsh consequences.[2]  Even
though Paul missed the deadline by only one day,[3]
it is up to the legislature, not this court, to provide for grace periods.[4]  See Estate of Regis,
208 S.W.3d at 68; Mokkala
v. Mead, 178 S.W.3d 66, 74–75 (Tex. App.—Houston [14th Dist.] 2005, pet.
denied).  We reverse the trial court’s order denying Beechnut’s motion to
dismiss and remand for proceedings consistent with this opinion.

                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

Panel consists of Chief Justice Hedges,
Justice Jamison, and Senior Justice Price.*

 

 

 

 

 

 

 

 

*Senior Justice Frank C. Price, sitting
by assignment..









[1]
“Service by telephonic document transfer after 5:00 p.m. local time of the
recipient shall be deemed served on the following day.”  Tex. R. Civ. P. 21a.





[2]
See Awoniyi,
261 S.W.3d at 164 (report was faxed two days late); Thoyakulathu v. Brennan, 192 S.W.3d
849, 850, 855 (Tex. App.—Texarkana 2006, no pet.) (report not served timely
because fax machine malfunctioned); Mokkala
v. Mead, 178 S.W.3d 66, 76 (Tex. App.—Houston [14th Dist.] 2005, pet.
denied) (report was served one day late).





[3]
The report was seventy-four minutes late.





[4]
The Texas Supreme Court does have the authority to amend the telephonic
document transfer provision of Texas Rule of Civil Procedure 21a.