Opinion issued July 7, 2015



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00572-CV

_____

**RITA GONZALES, Appellant**

**V.**

**SOUTHWEST RADIOLOGY ASSOCIATION & SAM LO, M.D., Appellees**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-64104**

---

## MEMORANDUM OPINION

Rita Gonzales sued Southwest Radiology Association and Sam Lo, M.D. (collectively, "Southwest Radiology") for medical malpractice arising out of Dr. Lo's alleged failure to properly interpret radiological scans of her back. In a prior

interlocutory appeal, a panel of this Court held that Gonzales failed to provide an expert report that adequately set out the causal connection between Dr. Lo's alleged breach of the standard of care and Gonzales's injuries and remanded the case to the trial court to determine Southwest Radiology's reasonable attorney's fees and court costs and to dismiss Gonzales's claims with prejudice. On remand, the trial court awarded Southwest Radiology $60,565 in attorney's fees and $3,739.17 in court costs. In one issue, Gonzales contends that the trial court's award of attorney's fees and court costs was not supported by legally sufficient evidence.

We affirm.

## Background

In 2011, Gonzales sued Dr. Lo and Southwest Radiology for medical malpractice, alleging that Dr. Lo, a radiologist, did not timely diagnose Gonzales's failed spinal fusion and failed to correctly read and interpret the radiological scans of her spine. Gonzales asserted that Southwest Radiology was vicariously liable for Dr. Lo's alleged negligence under the doctrine of respondeat superior. Gonzales served Southwest Radiology with the expert report of Dr. Randall Patten pursuant to Civil Practice and Remedies Code section 74.351(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2014) (requiring health care liability claimant to serve expert report on defendant not later than 120th day after

2

defendant files original answer). Southwest Radiology moved to dismiss the suit, arguing that the expert report did not set out the applicable standard of care, did not appropriately address causation, and did not demonstrate that Dr. Patten was qualified to render an opinion on causation. The trial court denied the motion to dismiss, and Southwest Radiology filed an interlocutory appeal of this ruling.

On appeal, a panel of this Court reasoned that the expert report did not contain any factual support for Dr. Patten's conclusion on causation. *See Lo v. Gonzales*, No. 01-12-00987-CV, 2013 WL 1694938, at \*6 (Tex. App.—Houston [1st Dist.] Apr. 18, 2013, no pet.) (mem. op.). We ultimately concluded that "Dr. Patten's expert report fails to establish a causal connection between Lo's alleged breach of the standard of care and Gonzales's injuries" and that the trial court erroneously denied the motion to dismiss Gonzales's claims. *Id.* at \*7. We remanded the case to the trial court "for the limited purpose of determining Lo's reasonable attorney's fees and court costs and for entry of an order dismissing Gonzales's claims against Lo and Southwest Radiology with prejudice." *Id.*

On remand, Southwest Radiology moved for entry of an award of attorney's fees and court costs and for dismissal of Gonzales's claims with prejudice. Southwest Radiology supported its motion with the affidavit of its counsel, which stated as follows:

> In defending this suit, I, and others on my litigation team, have provided legal services in the defense of Dr. Lo and Southwest

Radiology Association, including, but not limited to, a review of the pleadings, preparation of an answer and request for jury trial, preparing and investigating plaintiff's alleged injuries, medical/legal research; review/summary of medical records; preparation of Defendants' objections to plaintiff's expert report(s) and motions to dismiss and attended oral hearings on said motions. Further, I, and others on my litigation team, prepared for the First Court of Appeals, a brief, a reply brief, and a response to motion for rehearing.

In that regard, the total legal fees incurred on behalf of Defendants Sam Lo, M.D. and Southwest Radiology Association in the above entitled and numbered cause total a minimum of $60,565.00 through the date of this Affidavit, December 6, 2013.

Further, the minimum costs of court incurred on behalf of Defendants Sam Lo, M.D. and Southwest Radiology Association in the above entitled and numbered cause total a minimum of $3,739.17 through the date of this Affidavit, December 6, 2013.

The fees charged in this case were both reasonable and necessary for services rendered in the defense of Defendants Sam Lo, M.D. and Southwest Radiology Association in this suit brought by the Plaintiff.

Gonzales did not file a response to this motion.

After a hearing, the trial court granted Southwest Radiology's motion and dismissed Gonzales's claims with prejudice. The trial court also awarded Southwest Radiology $60,565 in attorney's fees and $3,739.17 in court costs.

Gonzales filed a motion for reconsideration and new trial with respect to the attorney's fees award, arguing that Southwest Radiology presented insufficient evidence to support the amount of the award. Gonzales argued that Southwest Radiology's affidavit in support of the fee award did not address the eight *Arthur*

4

*Andersen* factors generally used to determine the reasonableness of attorney's fees. She also argued that the affidavit

> fails to identify the work that was undertaken, fails to identify when the work was done and fails to identify the time spent on each activity. The evidence does not provide any indication of the fees customarily charged other than a conclusory statement from counsel that the fees charged were customary and reasonable.

Gonzales further argued that the evidence did not establish that Southwest Radiology actually incurred the requested attorney's fees. Gonzales requested that the trial court reconsider the amount of the attorney's fees award. The motion did not specifically address the amount of court costs awarded to Southwest Radiology.

In response, Southwest Radiology argued that the record contained sufficient evidence to support the attorney's fees award. Southwest Radiology pointed out that "the trial court had before it a proper Affidavit from defense counsel setting out the reasonable and necessary costs for the handling of the case along with attorney's fees that were incurred." Southwest Radiology further argued, "In addition, counsel for Defendants provided to the Court the necessary backup information substantiating the amount of attorney's fees and court costs incurred in the handling of this matter in camera." There is no indication that these unredacted billing records were formally entered into evidence at the hearing before the trial court, and no reporter's record exists of this hearing.

5

Gonzales's motion for reconsideration was overruled by operation of law, and this appeal followed.

## Sufficiency of Evidence of Attorney's Fees and Costs

In her sole issue, Gonzales argues that the trial court's award of attorney's fees and court costs to Southwest Radiology was not supported by legally sufficient evidence.

Civil Practice and Remedies Code section 74.351(b) provides:

If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

> (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

> (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *Garcia v. Gomez*, 319 S.W.3d 638, 643 (Tex. 2010) ("Section 74.351(b) requires the award of the reasonable attorney's fees incurred by a physician who is not served with a timely expert report."); *Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex. 2009) ("If a timely *and sufficient* report is not served, the trial court must award the provider its attorney's fees and costs and dismiss the case with prejudice.") (emphasis added). "Under the statute, the fees awarded must be both 'reasonable' and 'incurred.' A reasonable

6

fee is one that is not excessive or extreme, but rather moderate or fair. A fee is incurred when one becomes liable for it." *Garcia*, 319 S.W.3d at 642 (construing section 74.351(b)). A defendant may support its request for attorney's fees by affidavit; expert testimony in court is not required. *Ramchandani v. Jimenez*, 314 S.W.3d 148, 154 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

The burden is on the defendant physician or health-care provider to prove his fees and their reasonableness. *Awoniyi v. McWilliams*, 261 S.W.3d 162, 166 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991)). The amount of attorney's fees incurred by a party and the reasonableness of those fees is a matter within the discretion of the trial court. *Robinson v. Garcia*, 398 S.W.3d 297, 299 (Tex. App.—Corpus Christi 2012, pet. denied); *see also Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) (stating that legal sufficiency of evidence is "a relevant consideration" in determining whether trial court abused its discretion).

Here, Southwest Radiology supported its request for attorney's fees and costs with the affidavit of its lead counsel. Counsel averred:

> In defending this suit, I, and others on my litigation team, have provided legal services in the defense of Dr. Lo and Southwest Radiology Association, including, but not limited to, a review of the pleadings, preparation of an answer and request for jury trial, preparing and investigating plaintiff's alleged injuries, medical/legal research; review/summary of medical records; preparation of Defendants' objections to plaintiff's expert report(s) and motions to dismiss and attended oral hearings on said motions. Further, I, and

> others on my litigation team, prepared for the First Court of Appeals, a brief, a reply brief, and a response to motion for rehearing.
>
> In that regard, the total legal fees incurred on behalf of Defendants Sam Lo, M.D. and Southwest Radiology Association in the above entitled and numbered cause total a minimum of $60,565.00 through the date of this Affidavit, December 6, 2013.
>
> Further, the minimum costs of court incurred on behalf of Defendants Sam Lo, M.D. and Southwest Radiology Association in the above entitled and numbered cause total a minimum of $3,739.17 through the date of this Affidavit, December 6, 2013.
>
> The fees charged in this case were both reasonable and necessary for services rendered in the defense of Defendants Sam Lo, M.D. and Southwest Radiology Association in this suit brought by the Plaintiff.

Gonzales did not file a written response to this motion. The trial court held a hearing on Southwest Radiology's motion, at which Southwest Radiology presented its affidavit and submitted its unredacted billing records to the trial court in camera. Gonzales has not filed a reporter's record of this hearing, and there is no indication that Gonzales presented an opposing affidavit or live testimony controverting the amount of attorney's fees and costs, and Gonzales has not, either in the trial court or on appeal, challenged a specific portion of the fee award as unreasonable. *See Garcia*, 319 S.W.3d at 641 (noting, in holding that defendant had produced some evidence justifying fee award, that plaintiff did not "question the reasonableness of the amount of any of these fees").

When there is no reporter's record made and the trial court does not make findings of fact, "we assume that the trial court heard sufficient evidence to make

8

all necessary findings in support of its judgment." *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). An appellant may challenge the legal sufficiency of evidence supporting the trial court's judgment against her, but she "cannot prevail in any evidentiary challenge without first meeting [her] burden of presenting a sufficient record on appeal." *Id.*; *see also Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal.").

Here, Gonzales did not file a written response to Southwest Radiology's motion for entry of attorney's fees and costs, and she presented no evidence contradicting Southwest Radiology's affidavit, whether by affidavit of her own counsel or by live testimony at the hearing before the trial court. The record indicates that the trial court examined Southwest Radiology's unredacted billings records in camera and questioned Southwest Radiology about those records, but Gonzales failed to bring forth a reporter's record, and the trial court did not make findings of fact. We therefore assume that the trial court heard sufficient evidence to make all of the findings necessary to support its judgment awarding attorney's fees and costs. *See Nicholson*, 226 S.W.3d at 583; *see also Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 n.1 (Tex. App.—Houston [1st

9

Dist.] 2012, no pet.) (holding that failure to obtain reporter's record "makes it impossible to establish that the trial court abused its discretion").

Gonzales further contends on appeal that there was no evidence that the attorney's fees awarded by the trial court were actually incurred by Southwest Radiology. Specifically, she argues that "[w]ithout evidence of the nature of the attorneys' fees in this matter, either hourly, contingent or flat rate, there is no evidence that the amounts sought were actually incurred" and that "without evidence that billing was actually generated and paid, there can be no evidence that the attorney's fees were incurred."

An attorney's fee "is incurred when one becomes liable for it." *Garcia*, 319 S.W.3d at 642; *see also Aviles v. Aguirre*, 292 S.W.3d 648, 649 (Tex. 2009) (per curiam) ("Dr. Aviles was personally liable in the first instance for both defense costs and any potential judgment. That he had previously contracted with an insurer to pay some or all of both does not mean he incurred neither."). The Fourteenth Court of Appeals has held that affidavit testimony from the defendant-hospital's attorney stating that the hospital incurred $12,037.26 in fees "constitutes some evidence that the hospital actually incurred $12,037.26 in attorney's fees." *Awoniyi*, 261 S.W.3d at 166. In light of the fact that the plaintiff "presented no evidence to contradict such testimony," our sister court overruled the plaintiff's

10

issue on appeal challenging the sufficiency of the evidence that the defendant-hospital actually incurred the awarded attorney's fees. *Id.*

Here, the affidavit presented by Southwest Radiology in support of its motion for entry of attorney's fees and costs stated: "[T]he total legal fees incurred on behalf of Defendants Sam Lo, M.D. and Southwest Radiology Association in the above entitled and numbered cause total a minimum of $60,565.00 through the date of this Affidavit, December 6, 2013." Gonzales presented no evidence contradicting Southwest Radiology's assertion that it had incurred $60,565 in attorney's fees. We conclude that the record contains some evidence that Southwest Radiology incurred the amount of attorney's fees awarded by the trial court. *See id.*

We therefore conclude that some evidence supports the trial court's award of attorney's fees and costs, and, thus, the court did not abuse its discretion in awarding $60,565 in attorney's fees and $3,739.17 in court costs to Southwest Radiology.

We overrule Gonzales's sole issue.

**Conclusion**

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Massengale.