**Reversed and Remanded and Opinion filed November 30, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00718-CV

---

## KRYSTAL  HUNTER, Appellant

## V.

## CANDELARIO RAMIREZ AND JOSEPH MONTELEONE, Appellees

---

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2018-35682**

---

## O P I N I O N

Plaintiff in this motor-vehicle-accident case appeals the final summary judgment that the trial court rendered after plaintiff failed to file a response to the defendants' motion for a no-evidence summary judgment. Liberally construing plaintiff's briefing, the plaintiff argues that the trial court erred by failing to grant the plaintiff's motion for new trial because the plaintiff satisfied the three *Craddock* elements.[1] We reverse and remand.

---

[1] *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1934).

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Krystal Hunter filed suit against appellees/defendants Candelario Ramirez and Joseph Monteleone (the "Ramirez Parties") asserting a negligence claim based on the collision of two vehicles, one of which was allegedly owned by Ramirez and driven by Monteleone. Hunter alleged that Monteleone's negligence proximately caused Hunter's personal-injury damages and that Monteleone's negligence should be imputed to Ramirez under a negligent-entrustment theory.

The Ramirez Parties filed a motion to compel, asserting that Hunter had not objected or responded to the Ramirez Parties' discovery requests, although the deadline for doing so had passed. The trial court granted the Ramirez Parties' motion to compel in part, ruled that Hunter had waived all objections to the Ramirez Parties' interrogatories and requests for production, and ordered Hunter to respond within 10 days to the Ramirez Parties' requests for disclosure, interrogatories, and requests for production, including production of responsive documents.

The Ramirez Parties filed a no-evidence motion for summary judgment in which they asserted that, despite the trial court's order compelling discovery, Hunter had failed to produce discovery. Hunter did not file a response to the summary-judgment motion. The trial court granted the motion and signed a final judgment ordering that Hunter take nothing on her claims against the Ramirez Parties.

Hunter timely filed a motion for new trial that was verified by her attorney. The Ramirez Parties did not respond to this motion, and the motion was overruled by operation of law. Hunter has timely appealed.

## II. ISSUES AND ANALYSIS

**A.  Did the trial court err in in failing to grant Hunter's motion for new trial?**

Hunter timely filed a verified motion for new trial in which she asserted that Hunter's attorney was not aware that the Ramirez Parties had filed the summary-judgment motion or the notice of hearing on the motion until after the trial court granted the motion because the email giving notice of these filings went to her attorney's spam folder. According to Hunter, her attorney became aware of the summary-judgment hearing and motion after Hunter's attorney received notice that the trial court had signed an order granting summary judgment. Hunter asserted that her failure to file a response to the summary-judgment motion was not intentional, but the result of a mistake. Hunter argued that she was entitled to a new trial under the *Craddock* elements. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1934). If these elements apply in today's case, they would be: (1) Hunter's failure to file a response to the motion for summary judgment was not intentional or the result of conscious indifference, but was due to an accident or mistake; (2) Hunter's motion for new trial sets up a meritorious claim against the Ramirez Parties; and (3) a new trial would cause no undue delay or injury to the Ramirez Parties. *See SVT, LLC v. Seaside Village Townhome Assoc.*, No. 14-19-00586-CV, 2021 WL 2800463, at *3 (Tex. App.—Houston [14th Dist.] Jul. 6, 2021, no pet.) (mem. op.). Liberally construing Hunter's appellate briefing, Hunter argues that the trial court erred by failing to grant her motion for new trial because she satisfied each of the three *Craddock* elements.

### *1. Applicability of the Craddock elements*

On appeal, the Ramirez Parties assert that the *Craddock* elements do not apply because the *Craddock* case involved a no-answer default judgment and today's case involves a no-evidence summary judgment granted after the plaintiff failed to file a response. *See Craddock*, 133 S.W.2d at 124–26. In cases decided after *Craddock*, courts have held that the *Craddock* elements apply when a trial court renders summary judgment against a party who did not file a response. *See SVT, LLC*, 2021 WL 2800463, at *3; *Washington v. McMillan*, 898 S.W.2d 392, 396 (Tex. App.—San Antonio 1995, no writ). Thus, we find no merit in the Ramirez Parties' argument that the *Craddock* elements do not apply because *Craddock* was a default-judgment case.

The Ramirez Parties also assert that the legal standard in *Carpenter v. Cimarron Hydocarbons Corporation* applies to the analysis of Hunter's motion for new trial rather than the *Craddock* elements. *See Carpenter v. Cimarron Hydocarbons Corporation*, 98 S.W.3d 682 (Tex. 2002). In *Carpenter* the Supreme Court of Texas held that the *Craddock* elements do not apply to the analysis of a "motion for new trial filed after summary judgment is granted on a motion to which the nonmovant failed to timely respond when the [non-movant] had notice of the hearing and an opportunity to employ the means our civil procedure rules make available to alter the deadlines Rule 166a imposes," such as a motion for leave to file a late response or a motion for continuance. *Id*. at 683–84. In *Carpenter* the plaintiff learned two days before the summary-judgment hearing, before judgment was rendered, that the plaintiff had not filed a timely response to the motion for summary judgment, and the plaintiff filed a motion for leave to file a late response and a motion for continuance on the day of the summary-judgment

hearing, before the trial court ruled on the summary-judgment motion. *See id.* at 684–85.

In today's case, Hunter's verified motion for new trial showed that Hunter's attorney was not aware that the Ramirez Parties had filed the summary-judgment motion or the notice of hearing on the motion until after the trial court granted the motion because the email giving notice of these filings went to the attorney's spam folder. Even though Hunter's attorney may have had constructive notice of the summary-judgment motion and hearing through the email, because the email went to the attorney's spam folder, Hunter's attorney did not have an opportunity to employ the means that the civil procedure rules make available to alter the deadlines that Rule 166a imposes. *See id.* at 683–85. Therefore, the *Craddock* elements rather than the *Carpenter* legal standard apply to today's case. *See Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 927 (Tex. 2009) (concluding that the *Craddock* elements rather than the *Carpenter* legal standard applied to case because party's counsel who failed to appear for trial was not actually aware that trial would begin on that date); *SVT, LLC*, 2021 WL 2800463, at *2–3 (applying the *Craddock* elements rather than the *Carpenter* legal standard to case in which party that did not file summary-judgment response "technically received notice of the hearing before the deadline to file a response").

## *2. Application of the Craddock elements*

We review the trial court's failure to grant Hunter's motion for new trial and allowing the motion to be overruled by operation of law for an abuse of discretion. *See In the Matter of the Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021) (stating that abuse of discretion standard of review applies to trial court's denial of a motion for new trial); *Awoniyi v. McWilliams*, 261 S.W.3d 162, 165 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that abuse-of-discretion

standard of review applies to review of trial court's alleged error in failing to grant motion for new trial and allowing the motion to be overruled by operation of law). Nonetheless, if the uncontroverted factual allegations of Hunter's verified motion for new trial satisfied the *Craddock* elements, then the trial court abused its discretion by not granting the motion. *See In the Matter of the Marriage of Sandoval*, 619 S.W.3d at 721; *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Awoniyi*, 261 S.W.3d at 165.

Under the first *Craddock* element, we consider whether Hunter's verified motion for new trial showed that her failure to file a response to the summary-judgment motion was not intentional or the result of conscious indifference. *See SVT, LLC*, 2021 WL 2800463, at *3. Under this element, some excuse, although not necessarily a good one, suffices to show that a party's failure to respond to a summary-judgment motion was not because the defendant did not care. *See In the Matter of the Marriage of Sandoval*, 619 S.W.3d at 721. To constitute conscious indifference, the failure to respond must arise from more than mere negligence, and the element of conscious indifference may be overcome by a reasonable explanation. *See id*. An excuse can be reasonable if it is based on a mistake of law that led to an intentional act. *See id*. Consistent with our preference for courts to adjudicate cases on the merits, we consider the knowledge and acts of the particular party to determine whether a failure to answer was not intentional or the result of conscious indifference, but rather due to mistake or accident. *See id*.

A party may supply evidence in support of a motion for new trial by filing a verified motion. *See Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005); *In re D.R.P.*, No. 04-14-00191-CV, 2014 WL 3843989, at *2–4 (Tex. App.—San Antonio Aug. 6, 2014, no pet.) (mem. op.); *Joiner v. AMSAV Group, Inc.*, 760 S.W.2d 318, 321 (Tex. App.—Texarkana 1988, writ denied). Hunter filed a

verified motion for new trial in which she asserted that Hunter's attorney was not aware that the Ramirez Parties had filed the summary-judgment motion or the notice of hearing on the motion until after the trial court granted the motion because the email giving notice of these filings went to the attorney's spam folder. According to Hunter, her attorney became aware of the summary-judgment hearing and motion after Hunter's attorney received notice that the trial court had signed an order granting summary judgment. The Ramirez Parties did not object to Hunter's motion for new trial, file a response in opposition to this motion, or submit any evidence to the trial court regarding the motion. Because Hunter's factual allegations were not controverted, Hunter has satisfied the first *Craddock* element if her verified motion provides factual information that, if taken as true, would negate intentional or consciously indifferent conduct. *See In the Matter of the Marriage of Sandoval*, 619 S.W.3d at 721. If Hunter's attorney was not aware that the Ramirez Parties had filed the summary-judgment motion or the notice of hearing on the motion until after the trial court granted the motion because the email giving notice of these filings went to his spam folder, and if Hunter's attorney became aware of the summary-judgment hearing and motion after he received notice that the trial court had signed an order granting summary judgment, then these facts would show that Hunter's failure to file a response to the summary-judgment motion was not intentional or the result of conscious indifference. *See In the Matter of the Marriage of Sandoval*, 619 S.W.3d at 721–23; *SVT, LLC*, 2021 WL 2800463, at *3–5; *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994). Thus, Hunter satisfied the first *Craddock* element. *See In the Matter of the Marriage of Sandoval*, 619 S.W.3d at 721–23; *SVT, LLC*, 2021 WL 2800463, at *3–5; *Old Republic Ins. Co.*, 873 S.W.2d at 382.

Under the facts asserted in Hunter's motion for new trial, Hunter's attorney actually received in his spam folder the email giving notice of the summary-judgment motion and hearing; therefore, Hunter is not excused from satisfying the second and third *Craddock* elements. *See Harden v. East Texas Medical Center Health Care Assoc.*, No. 14-08-00627-CV, 2009 WL 1382117, at *3 (Tex. App.— Houston [14th Dist.] May 19, 2009, no pet.) (mem. op.). Under the second *Craddock* element, we consider whether Hunter's motion for new trial set up a meritorious claim against the Ramirez Parties. *See SVT, LLC*, 2021 WL 2800463, at *3. In the summary-judgment context, "to set up a meritorious defense" in the second *Craddock* element means to raise a material fact issue on the grounds contained in the summary-judgment motion. *See SVT, LLC*, 2021 WL 2800463, at *3; *Washington*, 898 S.W.2d at 396.

In one of her other appellate issues, Hunter challenges the legal sufficiency of the purported no-evidence grounds in the summary-judgment motion. In their summary-judgment motion, the Ramirez Parties assert that "there is no evidence Candelario Ramirez and Joseph Monteleone breached any duty to [Hunter] thereby causing or contributing to the accident made the basis of this suit." We presume for the sake of argument that, the motion was sufficient to assert the following grounds: (1) there is no evidence that Ramirez breached any duty to Hunter; (2) there is no evidence that Monteleone breached any duty to Hunter; (3) there is no evidence that any breach of duty by Ramirez was the proximate cause of the accident made the basis of this suit; and (4) there is no evidence that any breach of duty by Monteleone was the proximate cause of the accident made the basis of this suit.

In her verified motion for new trial, Hunter asserted that (1) Monteleone failed to properly switch lanes and sideswiped her vehicle; (2) Ramirez failed to

8

exercise due care when he allowed Monteleone to operate Ramirez's vehicle; (3) the Ramirez Parties were negligent in creating an unreasonable risk of danger to Hunter and her property when Ramirez allowed Monteleone to have care, custody, and control of his vehicle knowing Monteleone was an unfit driver; and (4) the elements necessary to establish Hunter's negligence claim were established in the discovery Hunter responded to that the Ramirez Parties failed to mention in their summary-judgment motion. We conclude that Hunter's motion for new trial set up a meritorious claim against the Ramirez Parties and thus satisfied the second *Craddock* element. *See SVT, LLC*, 2021 WL 2800463, at *5–6; *In re D.R.P.*, 2014 WL 3843989, at *4.

The third *Craddock* element examines whether a new trial would cause undue delay or injury to the Ramirez Parties. *See SVT, LLC*, 2021 WL 2800463, at *3. As to this element, Hunter asserted in her verified motion for new trial that the granting of the motion would not delay or otherwise work an injury to the Ramirez Parties. When Hunter made this assertion, the burden of going forward with proof of injury shifted to the Ramirez Parties. *See Mathis*, 166 S.W.3d at 744; *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987). The Ramirez Parties did not respond to Hunter's motion, and thus they did not submit any proof of injury. We conclude that Hunter has satisfied the third *Craddock* element. *See Mathis*, 166 S.W.3d at 744; *Cliff*, 724 S.W.2d at 779.

### III. CONCLUSION

We conclude that the uncontroverted factual allegations of Hunter's verified motion for new trial satisfied the *Craddock* elements and that the trial court abused its discretion by not granting Hunter's motion and allowing it to be overruled by operation of law. Therefore, we sustain Hunter's first issue, reverse the trial court's

9

judgment, and remand the case for further proceedings consistent with this opinion.[2]


/s/      Randy Wilson
Justice


Panel consists of Justices Wise, Bourliot, and Wilson.

---

[2] We need not and do not address the two appellate issues that Hunter presented in the supplemental brief that this court gave her leave to file.