**CHCA WEST HOUSTON, L.P. d/b/a West Houston Medical Center, Appellant,**

v.

**Nicole PRIESTER, Appellee.**

**No. 14–09–01077–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 7, 2010.

---

John Christopher Dunne, Robert Eugene Bell, Houston, for appellant.

Robert R. Luke, John S. Serpe, Houston, for appellee.

Panel consists of Justices SEYMORE, BOYCE, and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

In this interlocutory appeal of an order denying a motion to dismiss, the appellant

health care provider contends that the trial court was required to dismiss the claims against it because the claimant failed to serve the provider with expert reports within 120 days after filing an original petition against a different defendant in separate suit. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2008, Nicole Priester sued Anthony Ademolu in Harris County Civil Court at Law No. 4 for sexual assault and intentional infliction of emotional distress. The assault allegedly occurred while Priester was a patient at West Houston Medical Center, where Ademolu was employed as a technician. Counsel for Priester and Ademolu agreed on the record that Priester's suit did not assert a health care liability claim and that Ademolu would not require Priester to comply with the procedures for such claims as set forth in Chapter 74 of the Civil Practices and Remedies Code.

On March 27, 2009, Priester filed a separate lawsuit in a Harris County district court against CHCA West Houston, L.P. d/b/a West Houston Medical Center ("CHCA"). Within 120 days after filing suit against CHCA in the district court, Priester served CHCA with three expert reports.[1] CHCA moved to dismiss the claims against it, arguing that Priester was required to serve it with expert reports within 120 days after suing Ademolu in the county civil court at law. The district court denied the motion, and CHCA brought this interlocutory appeal.

1. After filing suit against CHCA in district court, Priester nonsuited her claims against Ademolu in the county civil court at law and amended her district court petition to add him as a defendant. There she reasserted her claims against Ademolu for assault and intentional infliction of emotional distress, adding allegations that his conduct was performed in

## II. GOVERNING LAW

Within 120 days of filing the original petition in a health care liability suit, the claimant must serve each party with one or more expert reports, together with the curriculum vitae of each expert listed in the report. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2009).[2] For each physician or health care provider against whom a health care liability claim is asserted, the report must provide a fair summary of the expert's opinions as to the applicable standard of care; the manner in which the care provided failed to meet that standard; and the causal relationship between that failure and the injury, harm, or damages claimed. *Id.* § 74.351(r)(6). If the claimant fails to timely serve a defendant physician or health care provider with an expert report, the trial court must grant the defendant's motion to dismiss the claim with prejudice. *Id.* § 74.351(b).

When reviewing a trial court's ruling on such a motion to dismiss, we apply the abuse-of-discretion standard. *Mokkala v. Mead*, 178 S.W.3d 66, 70 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). An abuse of discretion occurs when a trial court acts in an unreasonable and arbitrary manner, or when it acts without reference to any guiding principles. *Id.* We defer to the trial court's factual determinations, but review questions of law de novo. *Id.* Thus, to the extent resolution of the issue before the trial court requires interpretation of the statute itself, we apply a de novo standard. *Id.*

the course and scope of his employment. The expert reports were served on Ademolu as well as CHCA, and no issues are presented to us concerning the claims pending in the district court against him.

2. The defendant may be served directly or through counsel. *Id.*

838

To interpret a statute, we must ascertain and give effect to the legislature's intent as expressed in the statute's language. *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex.2010). In doing so, we use the definitions prescribed by the legislature and any technical or particular meaning the words have acquired. TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 2005). Otherwise, we apply the words' plain and common meaning unless the legislature's contrary intention is apparent from the context or such a construction would lead to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex.2008). We presume that the legislature intended a just and reasonable result. TEX. GOV'T CODE ANN. § 311.021(3). Moreover, "in interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy." TEX. GOV'T CODE ANN. § 312.005. Thus, even when interpreting an unambiguous statute, we may consider the statute's object, the circumstances of its enactment, legislative history, and former statutory provisions. TEX. GOV'T CODE ANN. § 311.023.

### III. ANALYSIS

CHCA contends that the petition Priester filed in her earlier suit against Ademolu contained health care liability claims, and thus, she was required to serve CHCA with expert reports within 120 days after suing Ademolu in the county civil court at law, even though CHCA was not a party to that action. CHCA's argument is based in part on section 74.351(a), which provides as follows:

In a health care liability claim, a claimant shall, not later than the 120th day after the date *the original petition* was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2009) (emphasis added). An earlier version of this section provided that expert reports were to be served "not later than the 120th day after the date *the claim* was filed."[3] Citing *Methodist Charlton Medical Center v. Steele*, CHCA argues that the legislature "clearly intended to make Chapter 74's expert report requirements more stringent when it amended the statute in 2005." *See* 274 S.W.3d 47 (Tex. App.-Dallas 2009, pet. denied).[4] According

---

**3.** Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875 (emphasis added), *amended by* Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590, 1590 (eff. Sept. 1, 2005).

**4.** In *Steele*, the plaintiffs timely served expert reports on the defendants named in their original petition. *Id.* at 48. They amended the petition to add Methodist Charlton Medical Center as a defendant and served Methodist with expert reports 147 days after filing their original petition against the other defendants. *Id.* at 48–49. Significantly, the timeliness of those reports was not at issue in the appeal. The plaintiffs then amended the petition a second time, adding claims against all of the defendants 236 days after the original petition was filed, but produced no further expert reports. *Id.* at 49. In reversing the trial court's denial of the defendants' motion to dismiss the latest claims, the Fifth Court of Appeals explained that although "[t]he plain language of the statute ... requires such a report for each health care liability *claim*," it

to CHCA, this change required Priester to serve CHCA with an expert report within 120 days of suing Ademolu, even though CHCA was never a party to any litigation with Priester during that time.

We need not address the parties' dispute as to whether Priester previously asserted a health care liability claim against Ademolu[5] because even if she did, such allegations would not have triggered a duty that Priester serve CHCA with an expert report. The filing of an original petition does not "start the clock" for the claimant to serve expert reports on health care providers whom the claimant has never named as a party. The 2005 amendment to section 74.351(a) clarifies *when* an expert report must be served, not *who* must be served. *See* S. COMM. ON STATE AFFAIRS, BILL ANALYSIS, TEX. H.B. 2645, 79th Leg., R.S. (2005); H. COMM. ON CIVIL PRACTICES, BILL ANALYSIS, TEX. H.B. 2645, 79th Leg., R.S. (2005).[6] Both before and after the amendment, claimants were required under section 74.351(a) to serve expert reports "on each *party* or the party's attorney." TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (emphasis added). Both before and after the amendment, expert reports have been required as to "each physician or health care provider *against whom a liability claim is asserted.*" *Id.* (emphasis added). Both before and after the amendment, the consequence for failure to timely serve parties with an expert report "as to a *defendant* physician or health care provider" has been that, on such a defendant's motion, the trial court must enter an order that awards the defendant "reasonable attorney's fees and costs of court" and "*dismisses the claim* with respect to the physician or health care provider, with prejudice to the refiling of the claim." *Id.* § 74.351(b) (emphasis added). Thus, treating the filing of an "original petition" as triggering a duty to serve expert reports on nonparties would be inconsistent with the remainder of the statute.

In arguing that the trial court abused its discretion by failing to dismiss Priester's claims against it, CHCA cites cases in which courts have held that a plaintiff in a health care liability suit cannot restart the

was undisputed that the plaintiffs "failed to serve expert reports on appellants with respect to those claims" added in their second amended petition. *Id.* at 50 (emphasis in original). Thus, the facts in Steele are distinguishable from those presented here. Moreover, the Steele court's conclusion was not dependent on the 2005 amendment to section 74.351(a), as is illustrated by the fact that, in support of its conclusion, the court cited section 74.351(b)—which was not amended in 2005—and cases decided under earlier versions of 74.351(a) as well as those decided under the current version. *See id.* (citing *Poland v. Grigore*, 249 S.W.3d 607, 613–14 (Tex.App.-Houston [1st Dist.] 2008, no pet.) (former version of section 74.351), *Maxwell v. Seifert*, 237 S.W.3d 423, 426 (Tex.App.-Houston [14th Dist.] 2007, pet. denied) (current version of section 74.351), and *Puls v. Columbia Hosp. at Med. City Dallas*, 92 S.W.3d 613, 617 (Tex.App.-Dallas 2002, pet. denied) (former version of section 74.351)).

5. The parties to that suit agreed that Priester had not asserted health care liability claims against Ademolu, and they entered a Rule 11 agreement that Ademolu would not raise any failure to comply with the procedures prescribed in Chapter 74 as a defense to the allegations in Priester's petition. *See* TEX.R. CIV. P. 11.

6. In each Bill Analysis, the respective authoring committee wrote,

[T]here has been some confusion regarding the timing of when an expert report is due on a medical malpractice case. Some have argued that the report is due 120 days from the date of the statutory notice letter, instead of 120 days from the date of the filing of the original petition. It was the intent of HB 4 that the report be triggered by the filing of the lawsuit.

[The amendment] clarifies the timing of when an expert report is due on a medical malpractice case.

statutory deadline to file an expert report by (a) nonsuiting and refiling the same claims against the same defendant,[7] (b) amending the petition to assert the same claims against the same defendant[8] or (c) amending the petition to add additional health care liability claims to those already asserted against a particular defendant.[9] In each of these cases, however, courts in effect held that the statutory deadline to serve the parties to a suit with expert reports concerning a particular health care provider's conduct is measured from the date that the plaintiff first made that provider a defendant in a health care liability lawsuit.

Such cases are readily distinguishable from the circumstances presented here. It is undisputed that Priester served CHCA with expert reports within 120 days after filing the original petition in this, her original lawsuit against CHCA, and CHCA cites no case in which a court has held that in amending section 74.351(a), the legislature intended to require a claimant to serve expert reports to a health care provider before the claimant has made the provider a party to any suit. To the contrary, even when a defendant health care provider has been added to a pending suit by amendment of the petition, courts consistently have held that expert reports as to the claims against that defendant must be filed within 120 days after an amended petition first added that provider to the case. *See, e.g., Daybreak Cmty. Servs., Inc. v. Cartrite,* 320 S.W.3d 865, 871–73 (Tex.App.-Amarillo 2010, no pet.); *Hayes v. Carroll,* 314 S.W.3d 494, 501 (Tex.App.-Austin 2010, no pet.); *Stroud v. Grubb,* —— S.W.3d ——, —— – —— (Tex.App.-Houston [1st Dist.] 2010, pet. filed); *Arizpe v. Wilcox,* No. 04–09–00408–CV, 2010 WL 1708285, at *3 (Tex.App.-San Antonio Apr. 28, 2010, pet. filed) (mem.op.); *Padre Behavioral Health Sys., LLC v. Chaney,* 310 S.W.3d 78, 85 (Tex.App.-Corpus Christi 2010, no pet.); *Osonma v. Smith,* No. 04–08–00841–CV, 2009 WL 1900404, at *2 (Tex.App.-San Antonio July 1, 2009, pet. denied) (mem.op.). The reasoning of those cases apply here with even more force because the first pleading to assert claims against CHCA was also the original petition in the case.

We overrule the sole issue presented in this appeal and affirm the trial court's ruling denying CHCA's motion to dismiss.

---

**7.** *See, e.g., Mokkala,* 178 S.W.3d at 67; *accord, White v. Baylor All Saints Med. Ctr.,* No. 07–08–0023–CV, 2009 WL 1361612, at *1 (Tex.App.-Amarillo 2009, pet. denied) (mem. op.) (same); *Runcie v. Foley,* 274 S.W.3d 232, 235 (Tex.App.-Houston [1st Dist.] 2008, no pet.) (same); *Daughtery v. Schiessler,* 229 S.W.3d 773 (Tex.App.-Eastland 2007, no pet.) (same).

**8.** *See Lone Star HMA, L.P. v. Wheeler,* 292 S.W.3d 812, 816 (Tex.App.-Dallas 2009, no pet.). In *Lone Star,* plaintiffs amended their petition twice before they successfully served a particular defendant health care provider, and the court held that difficulty in serving the defendant did not extend the deadline to serve an expert report to the defendant. *Id.*

**9.** *See Maxwell,* 237 S.W.3d at 426.