Affirmed and Memorandum Opinion
filed March 10, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00623-CV



Carolyn Y.
Durst, Appellant 

v.

Dr. Lillian Woo
& Noel C. Boyd, M.D., Appellee 



On Appeal from
the 129th District Court

Harris County, Texas

Trial Court
Cause No. 2009-46238



 

MEMORANDUM OPINION

Appellant Carolyn Durst appeals from the trial
court’s dismissal of her health care liability claim and the court’s award of
attorney’s fees to the appellees after Durst failed to serve an expert report
within the time period required by statute.  In three issues, she argues that (1)
the time period for serving the expert report does not apply because she served
her report under a different subsection of the statute and within the time
period proscribed by the docket control order, (2) the defendant waived the
service requirement by submitting discovery requests, and (3) the award of
attorney’s fees should be vacated because the supporting affidavit contains
hearsay.  We affirm.

Background

Durst sued Dr. Lillian
Woo and Dr. Noel Boyd for medical malpractice.  Durst concedes that she did not
serve either defendant with an expert report until more than 120 days after she
filed her original petition.  See Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a) (West Supp. 2009)
(requiring health care liability claimants to serve expert reports within 120
days of filing original petition).  Woo moved to dismiss the action and
attached an affidavit from her attorney, Jonathan Bell, to support a claim for
attorney’s fees and costs under section 74.351(b) of the Civil Practice and
Remedies Code.  See Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(b) (West Supp. 2009) (requiring
trial courts to dismiss claims and award attorney’s fees and costs if a health
care liability claimant fails to timely serve an expert report).  The affidavit
contained the following paragraph:

Following the hearing on Defendant’s Motion to Dismiss, the
total reasonable and necessary attorney’s fees of $5,456.50 and costs of
$115.00, and thus, the total fees and costs incurred by the Defendant will
equal $5,571.50.

Bell provided an explanation
for his calculations, which included billing rates and the number of hours allocated
between himself, two other attorneys, and two paralegals.  The affidavit
further contained a description of the type of work completed and Bell’s averment
that he had defended health care liability cases for ten years, was familiar
with the amount of legal work necessary to defend such a claim, and was familiar
with what constitutes a reasonable fee for those services.

            On the day of the
hearing pertaining to Woo’s motion to dismiss, Durst filed a written response but
did not attach an affidavit or any other evidence to refute Bell’s affidavit.  Rodney
Moton, Durst’s attorney, argued that the affidavit contained hearsay, but he
did not present any evidence to contradict the affidavit or otherwise request that
the trial court afford a further opportunity to file or present evidence.  The
trial court dismissed the claim against Woo and awarded her attorney’s fees and
costs in the amount of $5,571.50 with an additional $10,000 in the event of
Durst’s unsuccessful appeal.  Boyd moved to dismiss and for an award of
attorney’s fees several weeks later, and the trial court granted the motion,
awarding fees and costs in the amount of $5,423.50.  This appeal followed.

Dismissal
for Failure to Serve Expert Report

A.         
Standard of Review

We review for an abuse
of discretion a trial court’s ruling on a motion to dismiss based on the
claimant’s failure to timely serve an expert report.  Kingwood Specialty
Hosp., Ltd. v. Barley, 328 S.W.3d 611, 613 (Tex. App.—Houston [14th Dist.]
2010, no pet.) (citing Jernigan v. Langley, 195 S.W.3d 91, 93 (Tex.
2006)).  A trial court abuses its discretion if it acts in an arbitrary or
unreasonable manner or without reference to any guiding rules or principles.  Id. 
When deciding if a trial court abused its discretion, we review de novo issues
of law based upon statutory interpretation.  CHCA W. Hous., L.P. v. Priester,
324 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  We defer
to the trial court’s resolution of fact issues supported by the evidence.  See
id.

B.          
Serving Expert Reports Under Section 74.351(i)

In her first issue, Durst argues that the trial court
erred in dismissing her suit for her failure to serve an expert report under
section 74.351(a) because the report was properly served within the time period
proscribed by the docket control order and was served under the “alternate
service provision” of section 74.351(i).  Woo and Boyd respond that section
74.351(i) merely allows plaintiffs to file multiple expert reports for separate
defendants and on separate issues of liability and causation—the 120-day filing
requirement in section 74.351(a) still applies.  We agree with Woo and Boyd.

            Our goal when
interpreting a statute is to give effect to the Legislature’s intent.  Presidio
Indep. Sch. Dist. v. Scott, 309 S.W.3d 927, 930 (Tex. 2010).  We must consider
and interpret a statute in its entirety, not in isolated portions.  Helena
Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001).  When possible, we
interpret two provisions of the same statute to be consistent.  Tex. Dept.
of Pub. Safety v. J.H.J., 274 S.W.3d 803, 808 (Tex. App.—Houston [14th
Dist.] 2008, no pet.) (citing Wilkins, 47 S.W.3d at 493).  “We must
presume that the Legislature intends an entire statute to be effective and that
a just and reasonable result is intended.”  Wilkins, 47 S.W.3d at 493.

Section 74.351(a) requires a claimant in a health
care liability action to serve “one or more expert reports” on each opposing
party or party’s attorney within 120 days from the date of filing the original
petition.  See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(a).  Durst argues that the plain
meaning of section 74.351(i) negates the 120-day time period in section
74.351(a).  Section 74.351(i), in its entirety, appears as follows:

Notwithstanding any other provision of this section, a
claimant may satisfy any requirement of this section for serving an expert
report by serving reports of separate experts regarding different physicians or
health care providers or regarding different issues arising from the conduct of
a physician or health care provider, such as issues of liability and causation.
Nothing in this section shall be construed to mean that a single expert must
address all liability and causation issues with respect to all physicians or
health care providers or with respect to both liability and causation issues
for a physician or health care provider.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(i) (West Supp.
2009).  Durst argues that the plain meaning of “notwithstanding any other
provision of this section, a claimant may satisfy any requirement of this
section,” is that a claimant who serves multiple reports in accordance with
section 74.351(i) does not need to file any report within the 120-day time
period required by section 74.351(a) or within any prescribed time period
whatsoever.  In particular, she argues that the 120-day time period is a
“provision of this section” that is “satisfied” by serving reports from
separate experts under section 74.351(i).  Durst argues this court should hold that
the 120-day time period does not apply when a claimant chooses to use multiple
experts to satisfy the service requirement in section 74.351(a).

Durst’s interpretation is inconsistent with a plain
reading of the two subsections.  We read section 74.351(i) consistently with
section 74.351(a) so that the 120-day time period still applies to a claimant
serving multiple expert reports.  Section 74.351(i) is not an “alternate
service provision,” as Durst suggests.  In fact, Durst’s argument is belied by
the plain language of the provision.  Section 74.351(i) does not merely state “a
claimant may satisfy any requirement of this section.”  Instead, it states “a
claimant may satisfy any requirement of this section for serving an expert
report.”  Thus, section 74.351(i) allows a claimant to serve multiple reports from
separate experts or on separate issues (“reports of separate experts”), instead
of serving “an expert report.”  

Further, we should interpret this provision to be
consistent with the service deadline in section 74.351(a).  A claimant may
“satisfy” the service requirement in section 74.351(a) by serving separate
expert reports, but the service must still comply with the 120-day deadline. 
This is the only reasonable interpretation of section 74.351(a), and it gives
full meaning to the Legislature’s intent of requiring health care liability
claimants to serve expert reports within 120 days of filing an original
petition.  Adopting Durst’s view of the statute would essentially (1) eliminate
any deadline for filing expert reports when the claimant has more than one
expert and (2) permit an end-run on the section 74.351(a) deadline even after
it had passed by employing an additional expert.  We reject such an interpretation.

Durst’s first issue is overruled.

C.         
Docket Control Order

Also in her first issue, Durst suggests there is “no
conflict between section 74.351 and the deadline established by the Docket
Control Order (‘DCO’) for submitting expert reports” only when section 74.351(i)
is interpreted to supersede other provisions for a deadline.  Woo and Boyd argue
that there is no evidence in the record to suggest the docket control order in
this case extended the 120-day filing requirement.  We agree.

Although the 120-day deadline for serving an expert
report under section 74.351(a) may be “extended by written agreement of the
affected parties,” Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(a), a routine docket control order specifying
the deadline will not suffice for an extension.  See Spectrum Healthcare Res.,
Inc. v. McDaniel, 306 S.W.3d 249, 253 (Tex. 2010).  For a docket control
order to extend the threshold expert report filing deadline in section
74.351(a), the parties “must make a clear acknowledgement of their intent to do
so,” and the order must make an “explicit reference to that specific
deadline.”  Id.

Durst did not include any citations to the record in her
brief, and we cannot find the alleged docket control order in the appellate
record.  Accordingly, the record does not support a conclusion that a docket
control order extended the time for filing expert reports.  The issue has been
waived.  See Tex. R. App. P.
38.1(i); see also Nguyen v. Kosnoski, 93 S.W.3d 186, 188 (Tex.
App.—Houston [14th Dist.] 2002, no pet.) (“Moreover, an issue not supported by
references to the record is waived.”).

D.         
Defendant’s Service of Discovery Requests

In her second issue, Durst argues that Woo waived the
expert report service requirement by serving discovery requests before expiration
of the time for Durst to serve her expert report.  Woo and Boyd respond that
serving discovery requests does not operate as a waiver of their right to a
dismissal for a plaintiff’s failure to file a timely expert report.  We agree
with Woo and Boyd.

Durst correctly notes that discovery is stayed until
a claimant has served an expert report as required by section 74.351(a).  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(s) (West Supp. 2009).  However, a defendant’s service of
discovery requests does not waive the defendant’s right to receive a timely
expert report or to request that the claim be dismissed under section 74.351(b)
should the claimant fail to supply a timely expert report.  Quint v.
Alexander, No. 03-04-00819-CV, 2005 WL 2805576, at *5 (Tex. App.—Austin
Oct. 28, 2005, pet. denied) (mem. op.) (citing Jernigan, 111 S.W.3d at
157–58 (holding that participating in discovery is not so inconsistent with
assertion of a right to dismiss as to operate as a waiver of the right to
assert dismissal under the predecessor statute to section 74.351(b))). 
Instead, the defendant who violates the section 74.351(s) stay and ultimately
obtains a dismissal forfeits the right to recover attorney’s fees incurred in
the premature discovery process.  See Awoniyi v. McWilliams, 261 S.W.3d
162, 167 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that a
defendant may not recover attorney’s fees for early discovery if the claim is
ultimately dismissed due to the claimant’s failure to file a report).[1]

Durst’s second issue is overruled.

Attorney’s Fees

In her third issue, Durst argues that the award of
attorney’s fees to Woo should be vacated because Bell’s affidavit contains
hearsay.  Specifically, Durst complains about statements in the affidavit identifying
the attorneys, the number of hours worked, and their hourly rates.  However, Durst
does not complain about the paragraph that reflects Bell’s qualifications to provide
expert testimony or the paragraph in which he states the total amount charged and
his opinion regarding the reasonableness and necessity of attorney’s fees.  Woo
responds that the affidavit contains legally sufficient evidence for the award,
and Durst failed to present any controverting evidence.  We agree with Woo.

If a trial court properly dismisses a health care
liability claim because the claimant failed to timely file an expert report,
then the trial court must award attorney’s fees to the affected physicians.  Tex. Civ. Prac. & Rem. Code Ann. §
74.351(b).  A request for attorney’s fees under section 74.351(b) may be
supported by an affidavit rather than live testimony, see Ramchandani v.
Jimenez, 314 S.W.3d 148, 154 (Tex. App.—Houston [14th Dist.] 2010, no
pet.), and an attorney is not required to parse the total fee by showing in the
affidavit the number of hours and billing rates for different individuals who
worked on the matter.  See Garcia v. Gomez, 319 S.W.3d 638, 641–42 (Tex.
2010) (holding there was sufficient evidence to support an attorney’s fee award
when the defendant’s counsel testified that he had practiced medical
malpractice litigation for twenty-five years and the reasonable attorney’s fee
was $12,200).  Accordingly, if an affidavit contains some evidence supporting
the reasonableness of incurred attorney’s fees, the trial court does not commit
reversible error by awarding such fees even if a portion of the affidavit
contains hearsay evidence.  See id. (requiring some evidence that the
fee is reasonable and was incurred).  When a defendant’s attorney gives an
opinion on the reasonable amount of fees incurred and the claimant fails to present
controverting evidence, there is some evidence to support the trial court’s
award of attorney’s fees.  See id. (holding that a brief statement about
reasonable attorney’s fees was sufficient when the claimant presented no
controverting evidence).

Here, Durst’s attorney objected to hearsay in the
affidavit, but the affiant included other statements supporting the award. 
Bell’s summary statement was sufficient to support the attorney’s fee award because
Durst did not file a controverting affidavit or present live testimony.  See
id.  Bell described his extensive experience defending medical malpractice cases
and stated that he is familiar with what constitutes a reasonable fee for those
services.  Durst’s attorney could have filed his own affidavit or provided his
own controverting testimony in an evidentiary hearing, but he chose not to do
so.  Accordingly, the trial court did not err in awarding attorney’s fees for
the amount stated in the affidavit.

Durst’s third issue is overruled.  Having overruled
all of Durst’s issues, we affirm the trial court’s judgment.

 

 








                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.









[1]
Durst argued in the trial court that Bell’s affidavit supporting attorney’s
fees improperly included fees for discovery.  Bell clearly did not segregate
the fees attributable to discovery in his affidavit, which included Bell’s
statement that “it was necessary to prepare discovery.”  However, Durst did not
assert this argument on appeal, and we will not reverse a trial court’s
judgment on unassigned error.  See, e.g., Pat Baker Co. v. Wilson,
971 S.W.2d 447, 450 (Tex. 1998) (“It is axiomatic that an appellate court
cannot reverse a trial court’s judgment absent properly assigned error.”).