Reversed and Rendered and Opinion filed June 7, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00532-CV

___________________

 

Ex parte Thomas Franklin Reed

 



 



 

On
Appeal from the 122nd District Court

Galveston County,
Texas



Trial Court Cause No. 09CV2139

 



 

 

OPINION

The Galveston County Criminal District Attorney’s Office appeals
the trial court’s judgment expunging the arrest records of Thomas Franklin Reed.
The issue we must decide is whether Reed was entitled to expunction at the time
of his petition. Though the underlying offense was dismissed with prejudice, we
conclude that the expunction statute strictly required Reed to wait until the
running of limitations. Because Reed’s petition was premature, we reverse and
render judgment denying the expunction request.

On
April 22, 2009, Reed was arrested and charged with the misdemeanor offense of
criminal mischief. See Tex. Penal Code Ann. § 28.03 (West 2010). On
November 20, 2009, the prosecutor filed a motion with the criminal district
court to dismiss the charge without prejudice. The trial court granted the
motion, but added a handwritten notation in the order dismissing the charge
“with prejudice.”

            On the same
day as the dismissal, Reed petitioned the civil district court to expunge the
record of arrest, pursuant to article 55.01 of the Texas Code of Criminal
Procedure. In pertinent part, Article 55.01 states the following:

A person who has been placed under
a custodial or noncustodial arrest for commission of either a felony or
misdemeanor is entitled to have all records and files relating to the arrest
expunged if . . . an indictment or information charging the
person with commission of a felony has not been presented against the person
for an offense arising out of the transaction for which the person was arrested
or, if an indictment or information charging the person with commission of a
felony was presented, the indictment or information has been dismissed or
quashed, and (i) the limitations period expired before the date on which a
petition for expunction was filed under Article 55.02.

Tex. Code Crim. Proc.
Ann. art. 55.01(a)(2)(A)(i) (West 2010). The statute of limitations for a
misdemeanor runs two years from the date of the offense. Id. art. 12.02.


            The trial
court granted Reed’s motion to expunge on March 5, 2010, explicitly stating in
its order that Reed met all of the requirements under Article 55.01 except for
the limitations provision in Subsection (i). However, because the criminal
mischief charge had been dismissed with prejudice, the court reasoned that
Subsection (i) was “irrelevant, as the case could not be prosecuted again now,
or at any time in the future.” The District Attorney’s Office timely appealed.

            In its first
issue, the District Attorney’s Office argues that the evidence during the
expunction hearing is factually insufficient to show that the prosecutor
consented to a dismissal “with prejudice.” In its second issue, the District
Attorney’s Office argues that the trial court exceeded its authority in
declaring a statutory requirement irrelevant. We consider only the second
issue, as it fully disposes of the case.

            We review a
trial court’s ruling on a petition for expunction for an abuse of discretion. Tex.
Dep’t of Pub. Safety v. J.H.J., 274 S.W.3d 803, 806 (Tex. App.—Houston
[14th Dist.] 2008, no pet.). The trial court abuses its discretion when its
decision is arbitrary, unreasonable, or without preference to any guiding rules
or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241–42 (Tex. 1985). The trial court may also abuse its discretion if it fails
to analyze or apply the law correctly. In re Columbia Med. Ctr., 306
S.W.3d 246, 248 (Tex. 2010) (orig. proceeding) (per curiam).

            Expunction
is neither a constitutional nor common law right, but a statutory privilege. Ex
parte S.C., 305 S.W.3d 258, 260 (Tex. App.—Houston [14th Dist.] 2009, no
pet.). Where a cause of action is created by statute, all of its provisions are
mandatory and exclusive, requiring strict compliance for the action to be
sustained. Harris Cnty. Dist. Att’y v. Lacafta, 965 S.W.2d 568, 569
(Tex. App.—Houston [14th Dist.] 1997, no pet.). The trial court has no
power to extend equitable relief beyond the clear meaning of Article 55.01. See
J.H.J., 274 S.W.3d at 806. Although the expunction statute is situated in
the Code of Criminal Procedure, an expunction proceeding is civil in nature,
and the petitioner carries the burden of proving that all statutory conditions
have been met. Harris Cnty. Dist. Attorney’s Office v. M.G.G., 866
S.W.2d 796, 798 (Tex. App.—Houston [14th Dist.] 1993, no pet.).

            The question
we must determine is whether Reed satisfied his burden of showing that “the
limitations period expired before the date on which a petition for expunction
was filed.” Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(i). The parties
offer differing interpretations as to what that provision requires. The District
Attorney’s Office contends under the plain meaning of the statute that Reed was
required to wait until April 23, 2011, at the earliest, before he could seek an
expunction.[1]
By contrast, Reed argues that expunction was warranted on the day of the
petition because the limitations period expired as soon as the State was barred
from presenting an indictment or information in the underlying offense. We
agree with the District Attorney’s Office.

When
interpreting a statute, our primary objective is to ascertain and give effect
to the intent of the legislature. F.F.P. Operating Partners, L.P. v. Duenez,
237 S.W.3d 680, 683 (Tex. 2007). Where the statutory text is clear, we presume
that the words chosen are the surest guide to legislative intent. Presidio
Indep. Sch. Dist. v. Scott, 309 S.W.3d 927, 930 (Tex. 2010). Thus, we
construe the statute according to its plain and common meaning, unless the
legislature’s contrary intention is apparent from the context or such a
construction would lead to absurd results. City of Rockwall v. Hughes,
246 S.W.3d 621, 625–26 (Tex. 2008); CHCA W. Houston, L.P. v. Priester,
324 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Moreover,
we presume that the legislature intended a just and reasonable result by
enacting the statute. Tex. Gov’t Code Ann. § 311.021(3).

The
legislature has not explicitly defined how a limitations period expires under
Subsection (i). The terminology, however, is unambiguous. As a component part
of the State’s larger authority to prosecute, the “limitations period”
encompasses only the amount of time afforded to present an indictment or
information. See Ex parte Goodman, 152 S.W.3d 67, 71–72 (Tex. Crim. App.
2004) (holding that the State may retry a defendant for a different offense,
provided the statute of limitations has not run and double jeopardy has not
attached). Applying this understanding to the ordinary meaning of “expire,” we
conclude that, for purposes of Subsection (i), a limitations period can only
expire upon the lapsing of time. See Webster’s Third New International
Dictionary 801 (Philip Babcock Gove ed., 1993) (defining “expire” to mean “a:
to reach a close (as of a period of time) . . . b: to
become void through the passage of time”). The statute in its current form does
not indicate that the legislature ever intended for the limitations requirement
to be supplanted upon the occurrence of some other factor such as a dismissal
with prejudice. 

We
recognize that the limitations requirement may needlessly burden those, such as
Reed, who are actually protected from prosecution. See State v. Beam,
226 S.W.3d 392, 394 (Tex. 2007) (“The State asserts that the Legislature added
[Subsection (i)] so that courts would not order expungement of all records and
files relating to a person’s arrest if that person were still subject to
prosecution for a crime arising out of the transaction for which the person was
arrested.”). Nevertheless, where the statute is clear, we are bound by its
terms and may not rewrite its provisions through judicial interpretation. Had
the legislature intended to allow for expedited expunctions in cases involving
dismissals with prejudice, it was more than capable of clearly articulating
that intent. See Tex. Code Crim. Proc. Ann. art. 55.01(c) (barring the
expunction of records where a person is acquitted for an offense and still
“remains subject to prosecution” for at least one other offense committed
during the same criminal episode).

As an
alternative argument, Reed has also suggested that expunction was warranted
under a separate provision, which states that a person is entitled to
expunction “if the person is tried for the offense for which the person is
arrested and is acquitted by the trial court.” Tex. Code Crim. Proc. Ann. art.
55.01(a)(1)(A). Reed contends he qualifies for expunction on this basis because
a dismissal with prejudice is tantamount to an acquittal on the merits. See
Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991) (per curiam). Reed’s
argument is unavailing; he was neither “tried for the offense” nor “acquitted
by the trial court.” The dismissal of a charge involves a completely separate
procedure, a distinction patently drawn on the face of the statute. Compare
Tex. Code Crim. Proc. Ann. art. 55.01(a)(1) (conditioning expunction upon the
petitioner’s acquittal), with id. art. 55.01(a)(2) (conditioning
expunction upon the dismissal or quashing of the indictment or information).

Even
though he is no longer subject to prosecution on the underlying offense, we
conclude that the statute, as written, requires Reed to wait until the running
of limitations. Because his petition was filed well before that mark, the trial
court abused its discretion in granting the expunction. We therefore reverse
and render judgment denying Reed’s expunction request.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices
Frost and Christopher.









[1] The District Attorney’s
Office argues that if tolling provisions are applied, the date could be later. See
State v. Taylor, 266 S.W.3d 55 (Tex. App.—Tyler 2008, no pet.). We do not
decide whether a tolling provision should apply in this expunction.